**Charles Edward MOORE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14–96–00945–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 27, 1998.

Paul Nugent, Houston, TX, for appellant.

Daniel P. Bradley, Anahuac, TX, for appellee.

Before Justices AMIDEI, HILL, and DRAUGHN.[*]

## OPINION

DRAUGHN, Justice.

Appellant, Charles Edward Moore, was convicted of delivery of less than 28 grams of cocaine enhanced with a prior felony conviction. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Vernon 1994). In seven points of error, appellant contends: (1) a judicial comment made during voir dire was improp-

er; (2) jurors were misled by the application paragraph in the charge; and (3) he was denied effective assistance of counsel. Because we find appellant received ineffective assistance of counsel at the punishment phase, we sustain his third and fourth points of error, and reverse and remand for a new punishment hearing.

James Muniz, an undercover police officer, Catherine Guidry, and appellant were standing in front of a bar in Anahuac, Texas. Guidry walked over to Muniz and asked if he wanted to buy crack cocaine. When the officer said yes, Guidry walked over to appellant, and appellant handed her the drugs. She then sold the drugs to Muniz and gave the money to appellant. Appellant was subsequently charged with delivery of less than 28 grams of cocaine. The jury found him guilty and sentenced him to ninety-nine years in the Texas Department of Justice. Institutional Division. This appeal followed.

In appellant's first point of error, he contends the trial judge's remark on the presumption of innocence was a comment on the weight of the evidence. During voir dire, appellant's trial counsel showed diagrams to the voir dire panel depicting scales of justice tipped in appellant's favor, and a footrace with appellant having a staggered start. Counsel described the illustrations as the presumption of innocence in which the State must overcome to convict appellant. The prosecutor objected, and a conference was held at the bench. The following exchange took place between the judge and defense counsel after the bench conference:

COURT: Members of the jury, as counsel stated to you, the defendant is presumed to be innocent for the purpose of the trial until his guilt is established in your minds beyond a reasonable doubt. That is what the burden is. The Court has already read you what in all probability will be contained in the instructions in the Court's charge at the conclusion of this case, which will be to you delivered. Concerning a staggered start on a diagram on a board, I am not sure exactly what is meant by that, especially when

---

[*] Senior Justices Draughn and Hill sitting by assignment.

you are on a straight-line hundred yard dash. I believe we can all understand running around a track, and there is a whole lot of difference in running around the track on a staggered start than on a hundred yard straight-line dash on a staggered start. What do you mean by that, Mr. Sprott?

DEFENSE COUNSEL: Well, Your Honor, if I can explain, Your Honor, the presumption of innocence cloaks this defendant, Mr. Moore. It puts him right now innocent. In this staggered start in the hundred dash, we start this trial, my client is innocent.

THE COURT: He is presumed to be innocent.

DEFENSE COUNSEL: Yes, Sir.

THE COURT: *If he were innocent we wouldn't be having a trial.* He is presumed to be innocent for the purpose of the trial.

DEFENSE COUNSEL: Okay. Well, Your Honor, I thought as of this particular moment that my client was innocent.

THE COURT: He is presumed to be innocent for the purpose of the trial.

■ Appellant complains the court's statement, *"if he were innocent we wouldn't be having a trial"* was a misstatement of the law on the presumption of innocence. The State maintains that appellant waived any error on appeal by failing to object. We agree. *See Hart v. State,* 447 S.W.2d 944, 952 (Tex.Crim.App.1969); *Will v. State,* 794 S.W.2d 948, 951 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd) (when an appellant complains that trial court's conduct demonstrates a complete disregard for the presumption of innocence, if no objection is made, the court's remarks cannot be challenged on appeal unless they are fundamentally erroneous). Because we do not consider the comment to be an incorrect statement

of the law on the presumption of innocence, or a comment on the weight of the evidence against appellant, appellant waived any error by not objecting.

■ However, in the interest of justice, we will consider whether the trial court's remark was fundamentally erroneous. Appellant argues the court's comments violated section 2.01 of the Texas Penal Code, and therefore, is reversible error. *See* Tex. Penal Code Ann. § 2.01 (Vernon 1994). He contends the trial court's comments indicated that the very fact a trial was occurring was reason to believe appellant was not innocent, and this indirectly contradicted the second sentence of section 2.01 which states in part, "[t]he fact he [the defendant] has been arrested, confined, or indicted, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial." *See id.* We disagree with this contention, only a strained interpretation of the judge's remarks would lead one to the conclusion that the trial court was attempting to create an inference of guilt in the minds of the jury.

■ In fact, the court's comments on the presumption of innocence at trial are essentially the same as the first sentence of section 2.01 which states, "[a]ll persons are presumed innocent and no person may be convicted of an offense unless each element is proved beyond a reasonable doubt." *See id.* And, the charge on the presumption of innocence given to the jury tracked the language in section 2.01, and included language that this presumption alone was enough to acquit defendant.[1] We find, absent evidence to the contrary, there is a presumption that the jury followed the instructions given by the trial court in its charge and not comments made by the judge. *See Will,* 794 S.W.2d at 951.

---

1. Before deliberating, the trial court gave the jury the following charge on the presumption of innocence:

   All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise

   to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

Additionally, a judicial comment that is not reasonably calculated to benefit the State or prejudice appellant's rights is not reversible error. *See Davis v. State,* 651 S.W.2d 787, 789 (Tex.Crim.App.1983) The judge's first comment to the jury was prefaced by his remark that the court's charge would contain the instructions on the presumption of innocence, and that the defendant is presumed to be innocent for the purpose of trial until his guilt is established. Defense counsel continued to state appellant was innocent which is a misstatement of the law on the presumption of innocence. *See Zimmerman v. State,* 860 S.W.2d 89, 96 (Tex. Crim.App.1993) (holding the presumption of innocence does not carry with it the connotation that a defendant is in fact innocent). The complained-of-comment was made by the judge in an effort to differentiate between being innocent and presumed innocent. Therefore, even if the court's comment was error, we do not find it was reasonably calculated to benefit the State. Consequently, we find no reversible error, and appellant's first point of error is overruled.

In points of error two and three, appellant complains he received ineffective assistance of counsel at the guilt-innocence phase of his trial. The standard of review for ineffective assistance of counsel during the guilt-innocence phase is a two-step analysis articulated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See McFarland v. State,* 928 S.W.2d 482, 500 (Tex.Crim.App.1996). First, the appellant must demonstrate counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052. Counsel's competence is presumed, and the appellant must rebut this presumption by identifying the acts or omissions of counsel that are alleged as ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland,* 928 S.W.2d at 500. An ineffectiveness claim cannot be demonstrated by isolating any portion of counsel's representation, but must be judged on the totality of the representation. *Strickland,* 466 U.S. at 695, 104 S.Ct. 2052.

Second, the appellant must establish counsel's performance was so prejudicial, it deprived appellant of a fair trial. *See id.* To satisfy this prong, appellant must show that a reasonable probability exists that, but for counsel's unprofessional errors, the factfinder would have reasonable doubt with respect to guilt. *See McFarland,* 928 S.W.2d. at 500. Reasonable probability means a probability sufficient to undermine confidence in the outcome, and appellant has the burden of making this showing by a preponderance of the evidence. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

Appellant initially contends his trial counsel was ineffective because he failed to object to the prosecutor's reference to him as a suspected narcotics dealer during his examination of Officer Muniz. The relevant portion of the prosecutor's examination of Muniz is as follows:

PROSECUTOR: You said you knew him as Mr. Moore; how did you know who he was?

WITNESS: I had talked to him several times before this particular day.

PROSECUTOR: Had you ever bought any drugs from him in the past?

WITNESS: No, I hadn't. I had attempted to a couple of times, but he would never deal with me directly.

PROSECUTOR: Is that common in doing that kind of buys that you have failed attempts?

WITNESS: Yes, sir, it is, that's pretty common.

PROSECUTOR: Do you know why that is?

DEFENSE COUNSEL: Objection, Your Honor, that's irrelevant.

COURT: Sustained.

To establish ineffective assistance, appellant must show the challenged action (i.e., failure to object) was not sound trial strategy. *See Miniel v. State,* 831 S.W.2d 310, 323 (Tex.Crim.App.1992). Appellant has not demonstrated in this case defense counsel's failure to object was not based on sound trial strategy. By not objecting to the prosecutor's line of questioning, appellant's trial

counsel allowed evidence that demonstrated: (1) Muniz's identification of appellant may have been based on prior encounters with him, and not on the date of the offense which was a disputed issue at trial; and (2) appellant may not have been a drug dealer because Muniz had attempted to buy drugs from appellant in the past, and he had refused. We find appellant has not overcome the presumption that the failure to object might have been sound trial strategy. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy).

■■■■ Furthermore, an attorney's failure to object to admissible testimony does not constitute ineffective assistance. *Cooper v. State*, 707 S.W.2d 686, 689 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). The general rule is that evidence of extraneous offenses is inadmissible to show character conformity, but "may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, . . . ." *See* TEX.R.CRIM.EVID. 404(b). In this case, the evidence of appellant's prior drug activity would be admissible for purposes of identity which was a disputed issue during the trial because Muniz's offense report failed to give a full description of appellant. Consequently, trial counsel's failure to object during the prosecutor's direct examination of Muniz was not ineffective assistance.

■■■■ Appellant next argues his trial counsel frivolously questioned Muniz whether appellant actually transferred the drugs to him. He contends his trial counsel forgot he was charged with constructive delivery, and therefore, the officer's testimony was meaningless and strengthened the State's case against him.

■■■■ The State pleaded both constructive and actual transfer in the indictment, and if it could prove either, appellant would be guilty of delivery of a controlled substance. An "actual transfer" occurs when a seller "transfers actual possession and control of a controlled substance to another person." *Thomas v. State*, 832 S.W.2d 47, 50 (Tex.Crim.App.1992). A constructive transfer occurs when a seller transfers a controlled substance, either belonging to him or under his control, by some other person or means, at the direction of the seller. *See id.* By asking whether Muniz actually received the drugs directly from appellant, defense counsel attempted to eliminate the actual transfer charge. The fact that another attorney might have pursued another trial strategy will not support a finding of ineffectiveness of counsel. *Ortiz v. State*, 866 S.W.2d 312, 315 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd) (*citing Blott v. State*, 588 S.W.2d 588, 592 (Tex.Crim.App.1979)). Points of error two and three are overruled.

■■■■ In appellant's sixth point of error, he contends the trial court improperly charged the jury in the application paragraph because the charge failed to name Catherine Guidry as the other person he attempted to aid in committing the offense. We note appellant did not object at trial to the omission in the court's charge. Under these circumstances, a reversal is warranted only if appellant can show the error caused him egregious harm, such that he was denied a fair and impartial trial. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984).

■■■■ Generally, there is no requirement that the parties to a crime be identified by name in a law of parties charge, so long as the jury can look to the evidence to determine the other party's identity. *See Gordon v. State*, 714 S.W.2d 76, 77 (Tex.App.—San Antonio 1986, no pet.); *see also Brewer v. State*, 852 S.W.2d 643, 644–45 (Tex.App.—Dallas 1993, pet. ref'd) (words "acting with another as a party to the offense, as that term is herein defined" was sufficient to authorize appellant's conviction as a party); *Jones v. State*, 659 S.W.2d 492, 493 (Tex. App.—Fort Worth 1983, no pet.) (upholding an application paragraph of a jury charge referring only to "Billy Jones, acting together with another as a party," but not specifying who "another" was).

Additionally, the failure of a court to name any parties other than the defendant was not an improper application of the law of parties. *See Green v. State,* 930 S.W.2d 655, 659 (Tex.App.—Fort Worth 1996, no pet.) In the instant case, Guidry testified at appellant's trial, and the jury could look to her testimony and Muniz's testimony, to determine Guidry was the "other person" in the charge. Appellant's sixth point of error is overruled.

■ In appellant's seventh point of error, he contends the trial court erred in telling the venire panel that appellant wanted the jury shuffled. Appellant failed to object during the trial, but argues egregious harm was committed. We find appellant's argument without merit. Pursuant to article 35.11 of the Texas Code of Criminal Procedure, a defendant, counsel for the defendant, or counsel for the State has the right to demand that the trial judge shuffle the names of the prospective jurors for trial. *See* TEX .CODE CRIM.PROC.ANN. art. 35.11 (Vernon Supp.1997). This provision gives the parties to a case an absolute right to a jury shuffle upon timely demand. *Wilkerson v. State,* 681 S.W.2d 29, 30 (Tex.Crim.App. 1984). Appellant cites no authority, and we are unable to find any, in which egregious harm was committed when the court states a statutory right of a defendant. We overrule appellant's seventh point of error.

■ In points of error four and five, appellant contends he received ineffective assistance at the punishment phase. When the complaint is ineffective assistance at the punishment stage, the correct standard for review of counsel's representation is, (1) whether counsel was reasonably likely to render effective assistance, and (2) whether counsel reasonably rendered effective assistance. *Craig v. State,* 825 S.W.2d 128 (Tex.Crim. App.1992) (*citing Ex parte Duffy,* 607 S.W.2d 507 (Tex.Crim.App.1980)). The second prong of *Strickland* is not applicable to the punishment phase, and the sufficiency of an attorney's assistance is gauged by the totality of the representation of the accused. *See Ex parte Walker,* 777 S.W.2d 427, 431 (Tex. Crim.App.1989). The appropriate examination of the record includes counsel's representation during pretrial, the guilt-innocence stage of the trial, and the punishment stage. *Rodd v. State,* 886 S.W.2d 381, 384 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd); *Dedesma v. State,* 806 S.W.2d 928, 935 (Tex. App.—Corpus Christi 1991, pet. ref'd).

■ Appellant contends his counsel was ineffective at punishment because he offered no mitigation testimony and delivered a final argument lasting less than one minute which encouraged the jurors to return a maximum sentence. At the hearing on the motion for new trial, affidavits from appellant and his trial counsel were presented. The applicable portion of appellant's trial counsel's affidavit stated:

> In preparing for Charles Moore's trial, I neglected to conduct an investigation into Mr. Moore's background. Because I had failed to investigate Mr. Moore's background, I was unable to present mitigating evidence at the punishment phase of Mr. Moore's trial. My failure to conduct an investigation into mitigating evidence, and my failure to present any mitigating evidence to the jury at the punishment stage of trial, was not trial strategy. I simply failed to live up to my ethical and professional responsibilities to my client. Because I failed to adequately investigate the case, I was unable to present the following mitigating evidence to the jury:

> That Mr. Moore volunteered for service with the U.S. Army in 1966 and served 1 year in Vietnam as an infantry paratrooper in the 101st Airborne Division.

> That during his one year tour in Vietnam, Mr. Moore was awarded a Purple Heart medal after he got shot in the chest while rescuing a comrade who had been injured during a firefight with the Vietcong. As a result of his valor, the Army also awarded Mr. Moore the Army Commendation Medal.

> After his recuperation in the hospital, the Army awarded Mr. Moore a second Purple Heart medal after Mr. Moore was shot in the chest a second time during a firefight with the Vietcong.

> Mr. Moore was honorably discharged from the Army on June 15, 1969.

Mr. Charles Moore is a deacon and assistant Sunday School teacher at the Bright Light Baptist Church in Anahuac, Texas. He has attended Bright Light Baptist Church his entire life and was baptised there when he was six years old.

Mr. Charles Moore has been gainfully employed as a truck driver since 1989. Mr. Moore worked for Charles Lamarr Trucking, in Baytown, Texas, from 1989 to 1994. Mr. Moore then worked as a truck driver for Smart materials in Liberty, Texas, from 1994 up until the time of his sentence and incarceration in this case.

Mr. Charles Moore is a single parent who has court-ordered full custody of his 11 year old son, Charles Edward Moore, Jr. Mr. Moore is solely responsible for the raising of his son.

Charles Moore also raised and had custody of his 16 year old niece, Alisha Arvie.

Appellant's affidavit attested to the same mitigating evidence and stated that witnesses were available to testify to this evidence, but his attorney did not investigate any witnesses.

The Court of Criminal Appeals has held counsel is not ineffective for failing to present mitigating evidence when counsel's decision is a strategic, deliberate decision made after a thorough investigation of the facts and the law. *See Ex parte Kunkle*, 852 S.W.2d 499, 506 (Tex.Crim.App.1993). Likewise, the United States Supreme Court has also held the failure to present mitigation evidence at punishment is not ineffective assistance when counsel made a reasonable decision to forego presentation of mitigating evidence after evaluating available testimony and determining that cross-examination would reveal matters prejudicial to the de-

fendant, and opting instead to make a lesser culpability argument to the jury. *See Burger v. Kemp*, 483 U.S. 776, 794–95, 107 S.Ct. 3114, 3126, 97 L.Ed.2d 638 (1987); *see also Strickland*, 466 U.S. at 672–74, 104 S.Ct. 2052.

Unlike *Burger* and *Ex parte Kunkle*, in this case, defense counsel made no investigation into potential witnesses and failed to investigate appellant's background. Defense counsel also admitted in his affidavit that his failure to investigate was not based on any trial strategy. And, unlike *Strickland*, defense counsel failed to present a closing argument which emphasized appellant's good character.[2] *Strickland*, 466 U.S. at 672–74, 104 S.Ct. 2052.

This court has recently held counsel is ineffective when he fails to seek out, investigate, and interview available witnesses during the punishment phase. *See Milburn v. State*, 973 S.W.2d 337 (Tex.App.—Houston [14th Dist.] 1998). Likewise, other courts have held trial counsel is ineffective when he fails to investigate and present available mitigating evidence at punishment. *See, e.g., Austin v. Warden*, 126 F.3d 843, 848 (6th Cir.1997) (the failure to present mitigation evidence when several relatives, friends, death penalty experts, and a minister were available to testify was an abdication of advocacy); *Hall v. Washington*, 106 F.3d at 749 (holding defense counsel was ineffective at sentencing when he failed to make a significant effort, based on reasonable investigation and logical argument, to ably present the defendant's fate to the jury and to focus the attention of the jury on any mitigating factors); *Glenn v. Tate*, 71 F.3d 1204, 1207 (6th Cir.1995) (defendant's lawyers were inadequately prepared for sentencing phase when

---

2. Defense counsel's closing argument was approximately two minutes in length and failed to disclose any of appellant's good character traits. Defense counsel argued:

Ladies and gentlemen, you have done the hard part, now comes the easy part. Now, Ms. Mullins, you get to exact out a pound of flesh of Mr. Moore. You get to decide how much of him you'd like to take. Back in June of '71, Mr. Moore was convicted of possession of marijuana and sentenced to two years in prison, approximately twenty-five years ago. That now allows you the opportunity to sentence

him to prison for anywhere from fifteen years to life. Once again you have to look at the mirror in the morning, you have to think about what you feel like his part in this whole scenario was. I trust you, Mr. Moore trusts you that you will make a fair decision about what should happen to his life now that you've made the decision that he's guilty. Mr. Moore accepts your verdict, I accept your verdict. We trust, Ms Sherman, that you will decide fairly what should be the punishment for Mr. Moore for this particular offense. Thank you.

they did not acquaint themselves with defendant's social history, never spoke to any of his numerous brothers and sisters, never examined his medical records, or talked to his probation officer); *Tucker v. Day*, 969 F.2d 155, 159 (5th Cir.1992) (counsel was ineffective when he failed to provide any assistance at a sentencing hearing, stating, "I'm just standing in for this one"); *Kubat v. Thieret*, 867 F.2d at 367 (substandard argument and the presentation of no evidence, despite the availability of fifteen character witnesses at sentencing, amounted to no representation at all); *People v. Ruiz*, 177 Ill.2d 368, 226 Ill. Dec. 791, 686 N.E.2d 574, 582 (Ill.1997) (counsel's failure to investigate and present mitigating evidence, which a research of defendant's background would have revealed, was representation which fell below objective standards of reasonableness under prevailing professional norms).

In sum, we believe trial counsel failed to render "reasonably effective assistance" because he did not *investigate* any possible mitigation evidence, and therefore, rendered the adversarial process presumptively unreliable at punishment. The jury had no character evidence before it which would have humanized appellant and offset the State's recommendation of punishment.[3] Accordingly, we sustain appellant's third and fourth points of error as to the punishment phase and remand the case for a new punishment hearing pursuant to Article 44.29(b) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon 1997).

The judgment of the trial court is affirmed in part and reversed and remanded in part.

---

3. The jury assessed appellant's punishment at the maximum sentence of ninety-nine years confinement and a $10,000 fine.