NO. 12-03-00031-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




KELVIN RAY STEWARD,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS






MEMORANDUM OPINION


 Kelvin Ray Steward ("Appellant") appeals his conviction for aggravated robbery, for which
he was sentenced to imprisonment for ninety years and fined ten thousand dollars. Appellant raises
four issues on appeal. We affirm.


Background

 Appellant was charged by indictment with aggravated robbery and pleaded "not guilty." (1) The
matter proceeded to trial. As he was qualifying the venire, the trial judge stated, "[T]he charge in
this case is aggravated robbery habitual." Appellant offered no objection at this time. As
Appellant's counsel was conducting her voir dire, a venire member inquired, "When you first started
this when you were discussing this charge, was the term 'habitual' used?" Following the venire
member's question, the trial judge stated as follows:

 Ladies and gentlemen, I was reading from another matter. That's not a legal term. What counsel is
asking you is this, and I think you can use an analogy if you want to, but we have to judge each case
on its merits and its facts. Not dependent upon whatever happened in another matter. We have to
judge each case upon its merits and its facts. Counsel is merely asking you whether or not you will
be able to judge this case based upon its facts and its own merits.


The jury was empaneled. The trial court again instructed the jury with regard to its consideration of
the case as follows:


 I also want to tell you and remind you and instruct you with regard to the facts of the case: You're to
decide the case based upon the facts of the case, and the facts of the case will be decided upon the
evidence and the evidence is not what I have said, it's not what the lawyers have said. The facts of
the case are from the witnesses and you're the sole and exclusive judge of the credibility of the
witnesses and the weight to be given their testimony. Even I as the judge am not permitted to
influence your evaluation through words or actions during voir dire and during the course of the trial. 
So, if I've said anything that's not consistent with the facts that are produced in the case, the evidence
produced in the case, you will wholly disregard that. ... .


Subsequently, the trial on the merits commenced. 

 Following the presentation of evidence by the State, both parties rested. Ultimately, the jury
found Appellant guilty as charged and the matter proceeded to the issue of punishment. The State
presented evidence on the issue of punishment, and thereafter, both parties rested and proceeded to
jury argument. During Appellant's closing argument, in response to the State's plea for law
enforcement, Appellant's counsel stated, "I would like for you to understand this trial is not about
sending a message. This trial is about Kelvin Steward and what is the appropriate punishment for
what he did."

 In rebuttal, the prosecuting attorney responded as follows:


 I want to talk to you a ... little bit about messages. Ms. Perkins said the purpose of a trial isn't to send
a message. I want you to think about what kind of message it's going to send if you-all give him a low
sentence. Ladies and gentlemen, your verdict in this case is going to send a message whether you want
it to, whether I want it to, whether the Defendant wants it to. It's going to send one. You don't think
it's going to be in the paper. 


Appellant objected to the prosecuting attorney's statement and the trial court sustained his objection. 
Appellant did not, however, ask for a curative instruction and a mistrial. 

 Following its deliberations, the jury recommended Appellant be sentenced to imprisonment
for ninety years and fined ten thousand dollars. The trial court assessed Appellant's punishment
accordingly and this appeal followed.


Comment on the Weight of the Evidence

 In issue one, Appellant argues that the trial court erred in telling the venire that Appellant was
charged as a habitual offender. Specifically, Appellant contends that by stating to the venire that the
charge is "aggravated robbery habitual[,]" the trial court introduced the subject of prior convictions
to the jury. 

 As a prerequisite to presenting a complaint for appellate review, the record must show that
the complaint was made to the trial court by a timely request, objection, or motion and that the trial
court ruled on the request, objection, or motion either expressly or implicitly; or refused to rule on
the request, objection, or motion, and the complaining party objected to the court's refusal to rule. 
See Tex. R. App. P. 33.1(a); Hoang v. State, 997 S.W.2d 678, 680 (Tex. App.-Texarkana 1999, no
pet.) (contention that the trial court committed reversible error by commenting on the weight of the
evidence was waived on appeal by the appellant's failure to object at trial). In the instant case,
Appellant failed to object to the trial court's statement to the venire that Appellant was charged with
"aggravated robbery habitual." Therefore, we hold that Appellant has waived the issue. Appellant's
issue one is overruled.


Ineffective Assistance of Counsel

 In issues two and three, Appellant argues that he received ineffective assistance of counsel. 
The proper standard by which to gauge the adequacy of representation by counsel is articulated in
Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). See also
Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). The test set forth in Strickland
requires a two-step analysis:

 

 Did the attorney's performance fail to constitute "reasonably effective assistance," i.e., did the defense
attorney's representation fall below an objective standard of reasonableness under prevailing
professional norms? 

 If so, was there a reasonable probability that, but for counsel's unprofessional errors, the result of the
proceedings could have been different?



See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. The test in Strickland is properly applied to the
punishment phase of a non-capital case as well. See Hernandez, 988 S.W.2d at 772. 

 In any case considering the issue of ineffective assistance of counsel, we begin with the
strong presumption that counsel was effective. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional
and were motivated by sound trial strategy. See id. Appellant has the burden of rebutting this
presumption by presenting evidence illustrating why his trial counsel did what he did. See id. 
Appellant cannot meet this burden if the record does not affirmatively support the claim. See
Jackson v. State, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal
to evaluate whether trial counsel provided ineffective assistance); Phetvongkham v. State, 841
S.W.2d 928, 932 (Tex. App.-Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to
evaluate ineffective assistance claim); see also Beck v. State, 976 S.W.2d 265, 266 (Tex.
App.-Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous
other cases with inadequate records to support ineffective assistance claim). A record that
specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an
ineffectiveness claim. See Kemp v. State, 892 S.W.2d 112, 115 (Tex. App.-Houston [1st Dist.]
1994, pet. ref'd).

 After proving error, the appellant must affirmatively prove prejudice. Id. The appellant must
prove that his attorney's errors, judged by the totality of the representation and not by isolated
instances of error, denied him a fair trial. Id. It is not enough for the appellant to show that the
errors had some conceivable effect on the outcome of the proceedings. Id. He must show that there
is a reasonable probability that, but for his attorney's errors, the jury would have had a reasonable
doubt about his guilt. Id. 

Trial on the Merits

 In issue two, Appellant contends that his trial counsel was ineffective because she limited
her inquiry during voir dire to hypothetical questions related to whether potential jurors could remain
impartial and consider the entire range of punishment in a situation where the evidence demonstrated
that a person had been previously convicted and served time in prison. In support of his argument,
Appellant cites Miles v. State, 644 S.W.2d 23 (Tex. App.-El Paso 1982, no pet.) and Doherty v.
State, 781 S.W.2d 439 (Tex. App.-Houston [1st Dist.] 1989, no pet.). Yet, unlike the facts in the 
instant case, in both Miles and Doherty, the appellant's trial counsel failed to direct any questions
to the venire. See Miles, 644 S.W.2d at 24; Doherty, 781 S.W.2d at 441. In Miles, the court
emphasized the limitation of its analysis to the facts before it, stating, "At times, a short examination
may be a good strategy; it may even be very adequate. But, we know of no strategy which permits
counsel to waive all questions to a jury panel." Miles, 655 S.W.2d at 24. Since here, Appellant's
counsel did not wholly fail to question the venire, the instant case is distinguishable from the cases
upon which Appellant relies.

 In the case at hand, the record is silent as to the reasons Appellant's trial counsel chose the
course she did. Thus, as to the alleged deficiencies in his trial counsel's performance, we hold that
Appellant has not met the first prong of Strickland because the record does not contain evidence
concerning Appellant's trial counsel's reasons for choosing the course she did. See Jackson, 973
S.W.2d at 955; Phetvongkham, 841 S.W.2d at 932; see also Beck, 976 S.W.2d at 266. Iterating the
strong presumption that counsel was effective, absent evidence supporting the underlying rationale
for the alleged shortcomings in her performance, we cannot conclude that Appellant's trial counsel
was ineffective. Appellant's issue two is overruled.

Punishment

 In issue three, Appellant contends that his trial counsel was ineffective because she failed to
offer any evidence to the jury during the punishment phase. Appellant relies on Milburn v. State,
15 S.W.3d 267, 271 (Tex. App.-Houston 2000, pet. ref'd) and Moore v. State, 983 S.W.2d 15, 23
(Tex. App.-Houston [14th Dist.] 1998, no pet.), arguing that a new punishment phase is required
where there is a reasonable probability that, but for counsel's failure to present mitigating evidence,
the defendant's sentence would have been less. However, as was the case in our analysis of
Appellant's issue two, Appellant has not met the first prong of Strickland because the record does
not contain evidence concerning Appellant's trial counsel's reasons for choosing the course she did.

 Furthermore, even assuming arguendo that the Appellant's trial counsel's failure to put on
mitigating evidence, as noted in Appellant's brief, satisfied the first prong of the Strickland test,
Appellant must still affirmatively prove prejudice. See Burruss, 20 S.W.3d at 186. It is not enough
for the appellant to merely show that the errors had some conceivable effect on the outcome of the
proceedings. Id. 

 Despite repeated readings of Appellant's brief, we can uncover no argument addressing the
second prong of the Strickland test. We iterate that the burden of proof as to this issue rests squarely
upon Appellant. See Burruss, 20 S.W.3d at 186. As such, we will neither surmise nor devise our
own conclusions absent some cogent argument on Appellant's behalf that but for his counsel's
alleged unprofessional errors, there exists a reasonable probability that the result of the proceedings
would have been different. Appellant's issue three is overruled. 


Improper Prosecutorial Argument

 In issue four, Appellant argues that the prosecuting attorney's argument related to the
message the jury's verdict would invariably send is "clearly a comment that would improperly
pressure and intimidate a juror to deliver a particular sentence" and falls outside the range of
traditionally permitted pleas for law enforcement, injecting "new, harmful factors into the case." In
order to properly preserve for appellate review a complaint about a prosecutor's argument to the jury,
a defendant must do more than simply object. See Cook v. State, 858 S.W.2d 467, 473 (Tex. Crim.
App. 1993). At the trial court level, the defendant must have objected on specific grounds and
obtained a ruling. See id. Then, if the objection is sustained, the defendant must request that the
judge instruct the jury to disregard the complained-of argument. See id. If the trial judge honors the
request and gives the instruction, the defendant must then move for a mistrial and secure a ruling on
that motion. See id. 

 Although in the case at hand, Appellant did object to the prosecuting attorney's allegedly
improper argument, he failed to both ask the trial court both for a curative instruction and move for
a mistrial. Therefore, we hold that Appellant has not preserved the issue he now seeks to raise on
appeal. (2) Appellant's issue four is overruled.

Conclusion

 Having overruled Appellant's issues one, two, three, and four, we affirm the judgment of the
trial court.

 JAMES T. WORTHEN 

 Chief Justice

Opinion delivered November 19, 2003.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.


(DO NOT PUBLISH)
1. Appellant's indictment contained two enhancement paragraphs alleging prior felony convictions for
robbery and drug possession respectively.
2. As part of issue four, Appellant declares that his trial counsel's failure to request a curative instruction and
move for mistrial amounted to ineffective assistance. However, as was the case in our analysis of Appellant's issue
three, Appellant has again failed to address the second prong of the Strickland test and has, therefore, failed to meet
his burden on the issue.