Opinion issued March 15, 2007 












In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00102-CR






SANDERS MARQUISE ANDERSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 1012885






MEMORANDUM OPINION

 Appellant, Sanders Marquise Anderson, pleaded guilty, with an agreed
punishment recommendation, to an information charging robbery. See Tex. Pen.
Code Ann. § 29.02 (Vernon 2003). The trial court deferred adjudication of guilt and
placed appellant on community supervision for six years.

 The State later filed a motion to adjudicate guilt, alleging that appellant had
violated the terms and conditions of community supervision by: (1) committing the
offense of assault against April Franklin (his daughter's maternal aunt); (2) failing to
report to his community supervision officer; (3) failing to be employed; (4) failing to
submit a random urine sample; (5) failing to participate in 240 hours of community
service; and (6) failing to write a letter of apology to the victim. Appellant pleaded
true to allegations (3) and (5) and not true to allegations (1), (2), (4), and (6). In a
unitary proceeding, the trial court found allegations (1), (2), (4), and (6) to be true,
adjudicated appellant guilty of robbery, and assessed appellant's punishment at 12
years in prison.

 In his sole point of error, appellant contends his trial counsel rendered
ineffective assistance during the punishment phase of the adjudication hearing by (1)
failing to interview and secure the attendance of witnesses, (2) failing to adequately
prepare for trial, and (3) failing to present mitigating evidence. Appellant's brief
points to alleged evidence of ineffective assistance that relates to both the motion to
adjudicate and to punishment. We affirm.


Jurisdiction


 The State argues that this Court has no jurisdiction to hear the appeal because
it contends appellant is attempting to appeal issues contained in the determination of
his adjudication of guilt. We agree that appellant may not appeal the trial court's
determination to proceed with an adjudication of guilt on the original charge. See
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon 2006); Hogans v. State, 176
S.W.3d 829, 832 (Tex. Crim. App. 2005). However, we have jurisdiction to consider
the merits of a claim that temporally arises before the act of adjudication if the claim
directly and distinctly relates to punishment rather than to the decision to adjudicate. 
Hogans, 176 S.W.3d at 833-34. A defendant may raise on direct appeal a claim of
ineffective assistance that allegedly occurred at the punishment proceeding. Id. at
833. The asserted error must directly and distinctly concern the punishment phase;
the claim must, on its face, relate to the sentence imposed, not to the decision to
adjudicate. Id. at 834.

 Appellant specifically claims that his counsel was ineffective because (1)
counsel did not interview and subpoena two witnesses, Brian Bosley (appellant's
brother-in-law) and Arielle Karaseiwicz (the mother of appellant's daughter) and (2)
counsel did not present mitigating evidence on the "technical" violations of the terms
of appellant's community supervision by eliciting further testimony from appellant
or Retha Anderson (appellant's mother).

Standard of Review The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct.
2052, 2064-69 (1984). Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999); Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (applying
Strickland standard at punishment phase of noncapital trial). Appellant must show
both that (1) counsel's performance was so deficient that he was not functioning as
acceptable counsel under the Sixth Amendment and (2) there is a reasonable
probability that, but for counsel's error or omission, the result of the proceedings
would have been different, i.e., the error or omission is sufficient to undermine
confidence in the outcome. Strickland, 466 U.S. at 687-96, 104 S. Ct. at 2064-69. 
Effective assistance of counsel does not mean errorless counsel. See Saylor v. State,
660 S.W.2d 822, 824 (Tex. Crim. App. 1983). In determining whether counsel was
ineffective, we consider the totality of the circumstances of the particular case. 
Thompson, 9 S.W.3d at 813.

 It is the defendant's burden to prove ineffective assistance of counsel by a
preponderance of the evidence. Id. A "[d]efendant must overcome the presumption
that, under the circumstances, the challenged action might be considered sound trial
strategy." Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996,
no pet.). Assertions of ineffective assistance of counsel must be firmly founded in the
record. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). We normally will
not speculate to find trial counsel ineffective when the record is silent on counsel's
reasoning or strategy. See Henderson v. State, 29 S.W.3d 616, 624 (Tex.
App.--Houston [1st Dist.] 2000, pet. ref'd); Gamble, 916 S.W.2d at 93. However,
"in the rare case where the record on direct appeal is sufficient to prove that counsel's
performance was deficient, an appellate court should obviously address the claim
. . . ." Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000).

 In Milburn, the Fourteenth Court of Appeals found that "failing to investigate
and interview potential punishment witnesses, despite the availability and
willingness," amounted to ineffective assistance. Milburn v. State, 15 S.W.3d 267,
269 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd) (citing Milburn v. State, 973
S.W.2d 337, 343 (Tex. App.--Houston [14th Dist.] 1998), vacated and remanded,
3 S.W.3d 918 (Tex. Crim. App. 1999)). However, there, in response to the State's
offered evidence of appellant's bad character, trial counsel stated, "We're not going
to put anything on." Milburn, 15 S.W.3d at 270. The court found this failure to offer
mitigating evidence to be constructive denial of any defense, which demonstrated
prejudice. Id. at 271. Moreover, the court determined that "a reasonable probability
exist[ed] that appellant's sentence would have been less severe had the jury balanced
the aggravating and mitigating circumstances." Id. Consequently, the Court
concluded that "appellant . . . was actually and substantially prejudiced by his trial
counsel's complete failure to search out and present any mitigating character
evidence." Id. 

 The Court of Criminal Appeals has held that failure to offer mitigating
evidence at the punishment stage is not ineffective counsel when it is a strategic
decision based on a "thorough and complete investigation of the facts and law at the
time." Ex parte Kunkel, 852 S.W.2d 499, 506 (Tex. Crim. App. 1993). "Likewise, the
United States Supreme Court has also held the failure to present mitigation evidence
at punishment is not ineffective assistance when counsel made a reasonable decision
to forego presentation of mitigating evidence after evaluating available testimony and
determining that cross-examination would reveal matters prejudicial to the defendant,
and opting instead to make a lesser culpability argument to the jury." Moore v. State,
983 S.W.2d 15, 23 (Tex. App.--Houston [14th Dist.] 1998, no pet.) (citing Burger
v. Kemp, 483 U.S. 776, 794-95, 107 S. Ct. 3114, 3126 (1987)).

Discussion


 The overwhelming amount of testimony at the motion for new trial dealt with
the effectiveness of counsel during the motion to adjudicate, which we may not
review. Focusing exclusively on the allegation that counsel was ineffective in
relation to the punishment proceedings, appellant's only relevant argument is that
counsel should have elicited further testimony to mitigate the punishment. Counsel
testified at the hearing on the motion for new trial that he had a reason for not
eliciting that testimony from other witnesses:

 I didn't want to put on character witnesses because I was afraid
that they would -- the State would start bringing up his previous
misdemeanor priors, his misdemeanor priors for terroristic threat, failure
to I.D. to a police officer, that he was on deferred for possession of
marijuana before and had been revoked, and that he had another
possession case. I didn't want to get into any of that.

Counsel also stated that he did not want to call Brian Bosley as a witness concerning
the assault against April Franklin because "I thought a lot of what Mr. Bosley was
going to testify would conflict, in some areas rather drastically, to what [appellant]
said."

 The remaining witnesses who appellant argues should have testified concerning
punishment were Arielle Karaseiwicz and Retha Anderson. At the motion for new
trial, Karaseiwicz stated she would have presented evidence concerning appellant's
assault on her sister, April Franklin, and asked the trial judge to reinstate appellant's
deferred adjudication. Retha Anderson testified at the motion for new trial
concerning (1) appellant's depression after he could no longer play football due to
back problems, (2) appellant's strained relationship with Arielle Karaseiwicz and
April Franklin's family, (3) appellant's reasons for not complying with certain
provisions of his community supervision, and (4) appellant's general character. We
cannot consider testimony concerning the adjudication based on the assault, and
counsel testified that he made the strategic decision not to call further witness out of
concern that the State might decide to prove up appellant's prior convictions.

 Based on the record, appellant has not overcome the presumption that counsel's
actions might be considered sound trial strategy. See Gamble, 916 S.W.2d at 93. We
overrule point of error one. 

 Conclusion


 We affirm the judgment of the trial court.



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).