

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00119-CR

———————————————

STEPHEN ALLEN HOLT, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CR21725

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

## I. Introduction

A jury found Appellant Stephen Allen Holt guilty of two counts of indecency with a child by sexual contact, *see* Tex. Penal Code Ann. § 21.11, found true the enhancement paragraph alleging Holt's prior felony DWI conviction, and assessed his punishment at 49 years' confinement and a $10,000 fine for each count.[1] The trial court sentenced Holt accordingly and set the sentences to run concurrently.[2] Holt argues in his sole point on appeal that his trial counsel rendered ineffective assistance by failing to present mitigating evidence during punishment. Because the record is insufficient to support Holt's argument, we affirm.

## II. Ineffective Assistance of Counsel

To establish ineffective assistance, an appellant must prove by a preponderance of the evidence both that his counsel's representation was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Prine v. State*, 537 S.W.3d 113, 116 (Tex. Crim. App. 2017); *see Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). We need not address

---

[1]The enhancement increased the offenses' punishment range from that of a second-degree felony (two to twenty years and up to a $10,000 fine) to that of a first-degree felony (five to ninety-nine years or life and up to a $10,000 fine). *See* Tex. Penal Code Ann. §§ 12.32, .33, .42(b), 21.11(d).

[2]A week after the trial court signed the judgment, Holt's trial counsel filed a request for appointment of appellate counsel, which we have construed as a notice of appeal under *Harkcom v. State*, 484 S.W.3d 432, 434 (Tex. Crim. App. 2016).

both parts of the *Strickland* test if the appellant makes an insufficient showing of one component. 466 U.S. at 697, 104 S. Ct. at 2069.

Furthermore, the record must affirmatively demonstrate that the ineffective-assistance claim has merit. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). An appellate court may not infer ineffective assistance simply from an unclear record or a record that does not show *why* counsel failed to do something. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012); *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593. If, as here,[3] trial counsel did not have that opportunity, we should not conclude that counsel performed deficiently unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013). Direct appeal is usually inadequate for raising an ineffective-assistance-of-counsel claim because the record generally does not show counsel's reasons for any alleged deficient performance. *See Menefield*, 363 S.W.3d at 592–93; *Thompson*, 9 S.W.3d at 813–14.

An appellant claiming ineffective assistance of counsel at trial must identify counsel's allegedly erroneous acts and omissions. *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066; *Cooper v. State*, 333 S.W.3d 859, 867 (Tex. App.—Fort Worth 2010, pet. ref'd).

---

[3]Holt did not file a motion for new trial.

The appellate court then determines whether, in light of all the circumstances, these identified acts or omissions were outside the wide range of what constitutes competent assistance. *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066; *Cooper*, 333 S.W.3d at 867. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066; *Humphrey v. State*, 501 S.W.3d 656, 664 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (observing that the record of the hearing on the appellant's motion for new trial reflected that trial counsel had interviewed potential witnesses and then made a strategic decision not to present any testimony during punishment).

We must review whether counsel's performance failed to satisfy the objective standard of reasonableness under prevailing professional norms under the circumstances of the particular case viewed as of the time of counsel's conduct. *Ex parte Bowman*, 533 S.W.3d 337, 350 (Tex. Crim. App. 2017). An appellant cannot overcome the *Strickland* presumption of adequate investigative assistance in the absence of evidence to show whether trial counsel obtained records. *Id.* at 351. When direct evidence of a deficiency in counsel's performance is not available, "we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011).

Holt refers us to *Milburn v. State*, 15 S.W.3d 267, 270 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd), *Moore v. State*, 983 S.W.2d 15, 22 (Tex. App.—Houston

4

[1st Dist.] 1998, no pet.), *Miller v. Dretke*, 420 F.3d 356, 366 (5th Cir. 2005), and

*Lampkin v. State*, 470 S.W.3d 876, 919–22 (Tex. App.—Texarkana 2015, pet. ref'd), to

support his argument that his counsel was ineffective during punishment.[4] However,

these cases are distinguishable because each had fully developed records

demonstrating a trial counsel's deficient performance.

For example, in *Milburn*, our sister court considered the record from the

hearing on the appellant's motion for new trial at which (1) the parties had stipulated

to the testimony of twenty of the appellant's friends and relatives, (2) the appellant's

fiancée and his employer testified that they were not contacted by the defense counsel

about testifying at punishment, and (3) the defense counsel testified that he had

neither investigated nor evaluated available punishment evidence. 15 S.W.3d at 268–

71. Likewise, in *Moore*, affidavits from the appellant and his trial counsel were

presented at the new-trial hearing, and in his affidavit, trial counsel averred that he

had neglected to investigate the appellant's background, preventing him from

presenting any mitigation evidence during punishment, and that this was not trial

---

[4]Holt also refers us to Penal Code Section 8.01, which states that it is an affirmative defense to prosecution that, at the time of the charged conduct, the actor, as a result of severe mental disease or defect, did not know that his conduct was wrong, and Section 8.04, which provides that evidence "of temporary insanity caused by intoxication may be introduced by the actor in mitigation of the penalty attached to the offense for which he is being tried," to support his argument that his intoxication could have served to mitigate his punishment. *See* Tex. Penal Code Ann. §§ 8.01, .04. However, the record reflects that the jury was well aware of Holt's use of alcohol on the night in question.

strategy but rather a failure "to live up to [his] ethical and professional responsibilities to [his] client." 983 S.W.2d at 22.

In a similar vein, the appellant in *Miller* ultimately sought relief in the Fifth Circuit after exhausting her other state and federal remedies; she had included in her habeas applications her counsel's affidavit in which he admitted that he "did not prepare much for the punishment phase because [he] thought that [she] would accept the plea bargain offer of deferred adjudication probation." 420 F.3d at 359–60. And in *Lampkin*, our sister court ordered a new punishment trial after appellate counsel, at the new-trial hearing, introduced "voluminous mental health records," 470 S.W.3d at 904, 926, and trial counsel testified that he had thought about moving for a competency examination until the appellant told him that he was competent and that he did not know about or investigate his client's mental health history, *id.* at 905–06.

In contrast, here, there is no evidence establishing that Holt's trial counsel had failed to fully investigate the case. *See, e.g.*, *Kelly v. State*, No. 14-13-00087-CR, 2014 WL 2446616, at *6 (Tex. App.—Houston [14th Dist.] May 29, 2014, no pet.) (mem. op., not designated for publication) (holding that because the record was silent as to whether trial counsel had investigated potential witnesses and failed to reflect that any mitigating evidence existed, the court could not say that trial counsel's failure to present such evidence fell below an objective standard of reasonableness under prevailing professional norms). That is, unlike the cases upon which Holt relies, there is nothing in this record to show if or why Holt's trial counsel may have failed to

6

investigate or whether he was aware of any mitigating evidence that might have influenced the jury in Holt's favor. Because Holt did not file a motion for new trial, his trial counsel was not afforded an opportunity to explain his actions. *See Menefield*, 363 S.W.3d at 593.

Because, on this record, we conclude that Holt has failed to establish deficient representation by a preponderance of the evidence, *see Strickland*, 466 U.S. at 687, 694, 104 S. Ct. at 2064, 2068; *Thompson*, 9 S.W.3d at 813, we do not reach *Strickland*'s prejudice prong, and we overrule his sole point.

## III. Conclusion

Having overruled Holt's sole point, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 31, 2022