Ruben Francisco DEDESMA,
Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 13–90–130–CR.

Court of Appeals of Texas,
Corpus Christi.

March 28, 1991.

Rehearing Overruled April 11, 1991.

**930**

Joseph A. Connors, Brenda Perez, McAllen, for appellant.

Rene Guerra, Dist. Atty., Theodore C. Hake, Asst. Crim. Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and SEERDEN and HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Ruben Francisco Dedesma, Jr., guilty of aggravated robbery and assessed as punishment twenty-five years' confinement in the Texas Department of Criminal Justice, Institutional Division. By eleven points of error, appellant complains that the trial court erred by denying his motion for new trial and failing to allow effective cross-examination. He also complains of charge error and ineffective assistance of counsel. We affirm the trial court's judgment.

The State's evidence shows that on March 20, 1988, at approximately 9:30 p.m., appellant and a companion entered a convenience store in San Juan, Texas. The store's owner, Santos Marmalejo, approached the cash register. Appellant pointed a sawed-off shotgun at him and said, "Pass me the money." The companion took the money from the cash register. Appellant and his companion fled the store. The defense was alibi.

By points 3A, 3B and 3C, appellant complains that the trial court violated his Sixth Amendment right to confrontation by preventing him from thoroughly and effectively cross-examining three State's witnesses concerning their perception, memory and bias. The Confrontation Clause provides a defendant two types of protections: the right physically to face those who testify against him, and the right to conduct cross-examination. *Pennsylvania v. Ritchie*, 480 U.S. 39, 51, 107 S.Ct. 989, 998, 94 L.Ed.2d 40 (1987); *Delaware v. Fensterer*, 474 U.S. 15, 18–19, 106 S.Ct. 292, 293–94, 88 L.Ed.2d 15 (1985). A denial of effective cross-examination, without waiver, is constitutional error of the first magnitude. No amount of showing of want of prejudice can cure it. *Davis v. Alaska*, 415 U.S. 308, 318, 94 S.Ct. 1105,

1111, 39 L.Ed.2d 347 (1974); *Smith v. Illinois*, 390 U.S. 129, 131, 88 S.Ct. 748, 749–50, 19 L.Ed.2d 956 (1968). Normally, the right to confront one's accusers is satisfied if defense counsel receives wide latitude at trial to question witnesses. *Ritchie*, 480 U.S. at 53, 107 S.Ct. at 999; *Fensterer*, 474 U.S. at 20, 106 S.Ct. at 294–95.[1] In short, the Confrontation Clause guarantees only "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent the defense might wish." *Kentucky v. Stincer*, 482 U.S. 730, 739, 107 S.Ct. 2658, 2664, 96 L.Ed.2d 631 (1987). *See also Ohio v. Roberts*, 448 U.S. 56, 73 n. 12, 100 S.Ct. 2531, 2543 n. 12, 65 L.Ed.2d 597 (1980) (except in "extraordinary cases, no inquiry into 'effectiveness' [of cross-examination] is required").

■ Cross-examination is the principal method by which the believability of a witness and the truth of his testimony are tested. *Davis*, 415 U.S. at 316, 94 S.Ct. at 1110. The cross-examiner is permitted to test the witness' perceptions and memory, and to impeach the witness. A witness' credibility may be tested by cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they relate directly to issues or personalities in the case.

■ The Confrontation Clause does not prevent a trial court from imposing limits on defense counsel's inquiry into the potential bias of a prosecution witness. *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986). In this respect, trial courts retain wide latitude to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repeti-

tive or only marginally relevant. *Van Arsdall*, 475 U.S. at 679, 106 S.Ct. at 1435. The Confrontation Clause does not guarantee that every prosecution witness will refrain from giving testimony that is marred by forgetfulness, confusion, or evasion. *Fensterer*, 474 U.S. at 21–22, 106 S.Ct. at 295–96. The Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to probe and expose these infirmities through cross-examination, thereby calling to the fact-finder's attention the reasons for giving scant weight to the witness' testimony. A Confrontation Clause violation does occur when a defendant is prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby "to expose to the jury the facts from which jurors ... could appropriately draw inferences relating to the reliability of the witness." *Van Arsdall*, 475 U.S. at 680, 106 S.Ct. at 1436; *Davis*, 415 U.S. at 318, 94 S.Ct. at 1111.

■ By subpoint 3A1, appellant complains that he was denied an opportunity to cross-examine the store owner Santos Marmalejo concerning his recollection of the crime. Marmalejo testified on cross-examination that he refused to speak with counsel concerning the alleged robbery. Counsel asked Marmalejo, "But the fact of the matter was, when I asked you questions, you didn't answer them, did you, sir?" The trial court sustained the State's objection. Counsel asked Marmalejo, "Sir, isn't it true that I told you I wasn't calling you a liar, I just wanted to get to the truth?" The trial court instructed counsel not to get into this any further.

Article 39.02 of the Texas Code of Criminal Procedure provides that a trial court, after determining that good reason exists,

---

1. In *Delaware v. Fensterer,* the defendant was convicted in part on the testimony of the State's expert witness, who could not recall which test he had used to form his opinion. Although this inability to recall frustrated defense counsel's efforts to discredit the testimony, the Court held that there had been no Sixth Amendment violation. The Court found that the right of confrontation was not implicated, "for the trial court did not limit the scope or nature of defense counsel's cross-examination in any way." *Fensterer,* 474 U.S. at 19, 106 S.Ct. at 294.

shall allow the defendant to take a witness' deposition. Absent the trial court's approval, victims are not required to speak with a defendant or his counsel. In this instance, counsel's cross-examination was irrelevant. It sought to harass the victim. The trial court only reasonably limited counsel's cross-examination. *Van Arsdall*, 475 U.S. at 679, 106 S.Ct. at 1435.

■ By subpoint 3A2, appellant complains that he was denied the opportunity to cross-examine Santos Marmalejo concerning whether he had been the victim of previous robberies. Counsel asked Marmalejo, "Sir, isn't it true that in that area that your store is located that there's a lot of crime in that area?" The trial court sustained the State's objection. Counsel argued to the trial court that whether Marmalejo had been the victim of other robberies was relevant to his ability to identify appellant and to his bias and interest in the case's outcome. In the trial, counsel was afforded wide latitude to cross-examine Marmalejo concerning his ability and opportunity to identify appellant as a perpetrator of the alleged robbery. Counsel's question is only marginally relevant when considering his cross-examination as a whole. We find no reversible error.

■ By subpoint 3A3, appellant complains that he was denied the opportunity to cross-examine Marmalejo concerning a possible bias for identifying him as a perpetrator of the alleged offense. Counsel asked Marmalejo, "Don't you know, sir, that if these robbers were not found, then you would not get your money back, isn't that true, sir?" Again, the trial court sustained the State's objection. Marmalejo had previously testified on cross-examination that he felt angry and violated after the alleged robbery. He also testified that he wanted to get the robbers. Again, counsel for the defendant had wide latitude to cross-examine Marmalejo concerning his ability and opportunity to identify appellant. The question was only marginally relevant when considering the scope and breadth of the entire cross-examination.

■ By subpoint 3B1, appellant complains that he was denied the opportunity to cross-examine Officer Samuel Segura concerning a material witness. On direct-examination, Segura testified that Michael Suarez told him that he was at the store when the robbery occurred. Segura testified that at the time of trial, Suarez was in Chicago. On cross-examination, Counsel asked Segura, "He [Suarez] doesn't wear glasses does he, sir?" The trial court sustained the State's objection. Whether Suarez wore glasses was not relevant. Thus, the trial court reasonably limited counsel's cross-examination. *Van Arsdall*, 475 U.S. at 679, 106 S.Ct. at 1435.

■ By subpoint 3B2, appellant complains that he was denied the opportunity to cross-examine Officer Segura concerning Michael Suarez. Counsel asked Segura, "Officer, after you talked with the mother of Michael Suarez, did you obtain a telephone number?" The trial court would not allow counsel to ask Segura any more questions about Suarez in the jury's presence. The trial court told counsel to make a record on this matter. Counsel's question is only marginally relevant when considering the scope and breadth of Segura's cross-examination. Thus, the trial court did not unduly limit counsel's cross-examination. *Van Arsdall*, 475 U.S. at 679, 106 S.Ct. at 1435.

■ By subpoint 3B3, appellant complains that during the motion for new trial hearing, he was denied the opportunity to cross-examine Officer Segura concerning his knowledge of Michael Suarez and "reasons to fabricate testimony." At the hearing, Segura testified on cross-examination that Suarez identified appellant. After reading his police report, Segura also said that his report did not say that he either contacted Suarez or that Suarez identified appellant. Counsel offered the report into evidence. During a bench conference, the trial court overruled the motion for new trial but allowed counsel to continue Segura's cross-examination. The police report

was admitted into evidence, and counsel said that he had nothing further. The trial court overruled the motion for new trial. We find that the trial court did not limit the scope or nature of counsel's cross-examination.

■ By subpoint 3C1, appellant complains that on direct-examination, he was denied the opportunity to question Officer Samuel Soto concerning his recollection of the crime scene. Soto, however, was not a witness against appellant. As such, appellant was not denied the right of confrontation or the right of cross-examination. *Drew v. State*, 743 S.W.2d 207, 225 (Tex. Crim.App.1987).

After reviewing the context of appellant's complaints, we hold that the trial court did not violate appellant's Sixth Amendment right to confrontation.

■ By point five, appellant complains that the trial court erred in omitting the culpable mental state of "intentionally" or "knowingly" from the charge's application paragraph. Appellant did not object to the charge. Therefore, he must claim fundamental error and show egregious harm; that is, that he was denied a fair and impartial trial as a result of the error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim. App.1985). In determining whether egregious harm occurred, the error should be viewed in light of the entire jury charge, the state of the evidence (including contested issues and weight of probative evidence), the argument of counsel, and any other relevant information revealed by the record. *Almanza*, 686 S.W.2d at 171.

The application paragraph states, in relevant part:

Now, if you find and believe from the evidence beyond a reasonable doubt, that on or about the 20th day of March, 1988, in Hidalgo County, Texas, the Defendant, RUBEN FRANCISCO DEDESMA, JR., while in the course of committing theft of property from SANTOS MARMOLEJO, [sic] the victim, and with in-

tent to obtain and maintain control of said property threaten or place said victim in fear of imminent bodily injury and death, and defendant did then and there use and exhibit a deadly weapon, to wit: a firearm, then you will find the defendant, RUBEN FRANCISCO DEDESMA, JR., guilty of aggravated robbery as charged in the indictment.

Paragraph I of the charge states, in relevant part:

Our law provides that a person commits the offense of robbery if, in the course of committing theft, as that term is hereinafter defined, and with intent to obtain or maintain control of property of another he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death....

The charge, viewed as a whole, correctly spells out for the jury the culpable mental state which it had to find in order to convict appellant of aggravated robbery. Further, the issue at trial was the robber's identity. It was undisputed that a robbery had occurred and that the robber intentionally or knowingly threatened the victim. This error, if any, in the application paragraph concerned an uncontroverted issue. We hold that appellant was not denied a fair and impartial trial as a result of the trial court's failure to include the culpable mental state in the application paragraph.

■ By points 1A and 1B, appellant complains that the trial court erred in denying his motion for new trial. Appellant filed a motion for new trial on the basis of newly discovered evidence. Rule 30(b)(6) of the Texas Rules of Appellate Procedure provides that an accused is entitled to a new trial "[w]here new evidence favorable to the accused has been discovered since trial." A motion for new trial based on newly discovered evidence is addressed to the trial court's sound discretion, and the court's decision should not be disturbed on appeal absent a showing of clear abuse of discretion. *Eddlemon v. State*, 591 S.W.2d 847, 850 (Tex.Crim.App.1979); *Raetzsch v.*

*State,* 745 S.W.2d 520, 522 (Tex.App.—Corpus Christi 1988, pet. ref'd). The credibility of witnesses and the probable truth of the new evidence are matters for the trial court's determination. *Todd v. State,* 601 S.W.2d 718, 721 (Tex.Crim.App.1980); *Holland v. State,* 729 S.W.2d 366, 371 (Tex. App.—Beaumont 1987, no pet.). In ruling on the motion, the trial court may consider the evidence adduced at trial, affidavits, and the testimony at the hearing on the motion for new trial. *Williams v. State,* 375 S.W.2d 449, 451 (Tex.Crim.App.1964); *Turner v. State,* 721 S.W.2d 909, 911 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd). Motions for new trial based on newly discovered or newly available evidence are not favored and are viewed with great caution. *Drew,* 743 S.W.2d at 225; *Pinkston v. State,* 744 S.W.2d 329, 335 (Tex.App.— Houston [1st Dist.] 1988, no pet.).

To show that the trial court abused its discretion, the record must indicate that: 1) the newly discovered evidence was unknown to the movant at the time of his trial; 2) the movant's failure to discover the evidence was not due to his want of diligence; 3) the materiality of the evidence is such as would probably bring about a different result in another trial; and 4) the evidence is admissible, and not merely cumulative, corroborative, collateral or impeaching. *Drew,* 743 S.W.2d at 226; *Sawyer v. State,* 778 S.W.2d 541, 545 (Tex.App. —Corpus Christi 1989, pet. ref'd). Nevertheless, should it appear to the trial court that under the circumstances the credibility or weight of the new evidence would probably not bring about a different result upon a new trial, it is within its discretion to deny the motion. *Jones v. State,* 711 S.W.2d 35, 36–37 (Tex.Crim.App.1986).

■ At the hearing, Michael Suarez testified that on March 20, 1988, between 9:30 and 10:00, he was inside Santos Marmalejo's store. Two other men were also inside. When Suarez left the store, he saw the two men run out and leave in a car. The police arrived, and Suarez told them that he did not know the two men. Officer Segura testified that he contacted Suarez one or two weeks after the alleged robbery. According to Segura, Suarez told him that appellant was one of the men running out of the store. Suarez denied telling Segura that appellant was one of the men leaving the store.

At trial, Marmalejo identified appellant as one of the perpetrators. Soon after the alleged robbery, he identified appellant in a photo spread. We hold that the new evidence, being of questionable weight and credibility, would probably not bring about a different result upon a new trial. Under these circumstances, we conclude that the trial court did not abuse its discretion in denying appellant's motion for new trial.

■ By points 2A and 2B, appellant complains that the trial court erred in denying his motion for new trial because "the newly available evidence tended to show" that the State hindered Michael Suarez' appearance at trial and his exculpatory testimony. Appellant did not raise these complaints in his motion for new trial. Rule 30(b)(5), however, provides that an accused is entitled to a new trial (emphasis ours) "[w]here any material witness of the defendant has by force, threats or fraud been prevented from attending the court, or where any evidence tending to establish the innocence of the accused has been *intentionally* destroyed or withheld preventing its production at trial." Appellant did not present any evidence at the hearing to show that the State by force, threats or fraud prevented Suarez from appearing at trial. Further, appellant did not present any evidence to show that the State *intentionally* destroyed or withheld any evidence tending to establish his innocence. We hold that the trial court did not abuse its discretion in denying appellant's motion for new trial.

■ By points 4A, 4B and 4C, appellant complains of ineffective assistance of trial counsel. The proper standard by which we gauge the adequacy of counsel's representation at the guilt-innocence stage was stat-

ed in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted in Texas in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). The *Strickland* test requires a two-pronged analysis: (1) did the attorney's performance fail to constitute "reasonably effective assistance," that is, did the defense attorney's representation fall below an objective standard of reasonableness under prevailing professional norms, *and* (2) if so, was there a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The United States Supreme Court defined a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Tejerina v. State,* 786 S.W.2d 508, 514 (Tex.App.—Corpus Christi 1990, pet. ref'd).

Appellant complains that trial counsel did not produce Michael Suarez; did not file a written motion for continuance on the day trial commenced; or timely file the motion for new trial. Appellant, however, does not show from the totality of the evidence that a reasonable probability existed that, but for trial counsel's alleged errors, the trial's result would have been different.

The Court of Criminal Appeals held that the second prong of *Strickland* is not applicable to the punishment stage of a trial in *Ex parte Cruz,* 739 S.W.2d 53, 59 n. 1 (Tex.Crim.App.1987). The court declared that the standard stated in *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Crim.App.1980) would be the standard on which the effectiveness of counsel would be judged. This is, "the sufficiency of an attorney's assistance is gauged by the totality of the representation of the accused." *Ex parte Cruz,* 739 S.W.2d at 58. When reviewing the trial counsel's representation under *Duffy,* an appellate court must examine the "totality of the representation," which includes the pretrial representation of the accused, the guilt-innocence stage of the trial and the punishment stage of the trial. *Ex parte*

*Walker,* 777 S.W.2d 427, 431 (Tex.Crim. App.1989). After reviewing the record as a whole, we conclude that trial counsel's representation of appellant, as it impacted the trial's punishment phase, was "reasonably effective."

The judgment of the trial court is AFFIRMED.