**Rodolfo RAMIREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–91–226–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 28, 1992.

828

Carlos P. Morin, Kingsville, for appellant.

Grant Jones, Dist. Atty., Nueces County Courthouse, Corpus Christi, Ricardo Oscar Carrillo, Asst. Dist. Atty., Kingsville, for appellee.

Before FEDERICO G. HINOJOSA, Jr., KENNEDY and DORSEY, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Rodolfo Ramirez appeals the denial of his motion for new trial. By a single point of error, he complains that the trial court abused its discretion in denying his motion after he produced newly discovered evidence. We affirm the trial court's judgment.

■ Motions for new trial based on newly discovered evidence or newly available evidence are not favored and are viewed with great caution. *Drew v. State,* 743 S.W.2d 207, 225 (Tex.Crim.App.1987); *Dedesma v. State,* 806 S.W.2d 928, 934 (Tex.App.—Corpus Christi 1991, pet. ref'd).

A motion for new trial based on newly discovered evidence is addressed to the sound discretion of the trial court, and its decision should not be disturbed on appeal absent a clear abuse of discretion. *Jones v. State,* 711 S.W.2d 35, 36 (Tex.Crim.App. 1986).

■ To show that the trial court abused its discretion, the record must indicate that 1) the newly discovered evidence was unknown to the movant at the time of trial, 2) the movant's failure to discover the evidence was not due to his want of diligence, 3) the materiality of the evidence is such as would probably bring about a different result in another trial, and 4) the evidence is admissible, and not merely cumulative, corroborative, collateral, or impeaching. *Drew,* 743 S.W.2d at 226; *Etter v. State,* 679 S.W.2d 511, 514 (Tex.Crim. App.1984); *Dedesma,* 806 S.W.2d at 934. Should it appear to the trial court that, under the circumstances, the weight or credibility of the new evidence would probably not bring about a different result in a new trial, it is within the discretion of the trial court to deny the motion. *Jones,* 711 S.W.2d at 36–37; *Dedesma,* 806 S.W.2d at 934.

A jury found appellant guilty of felony escape. Officer Trevino, the arresting officer, testified that he saw appellant on the street in Kingsville, confirmed a burglary warrant was out for his arrest, and drove up to appellant. Officer Trevino then told appellant he was under arrest and held appellant's arm while reaching for handcuffs. Appellant broke free, walked a few paces, then ran away, only to be caught after a chase through town. Another witness testified that the officer did not take hold of appellant and did not tell appellant that he was under arrest.

At the hearing on the motion for new trial, appellant presented evidence that Officer Trevino was discharged from the police force for falsifying reports submitted to the department. The false reports consisted of one telephone call in which Officer Trevino reported that he could not report for duty that afternoon because his truck

had broken down in Sugarland and three written reports stating the same. In fact, Officer Trevino was visiting his girlfriend in Texas City.

Appellant argues that his failure to discover this information was not due to his lack of diligence, but rather to the prosecutor's failure to disclose this information, regardless of whether the prosecutor knew of Officer Trevino's termination or not. He further argues that the evidence is material in that it would effectively impeach the only witness who testified to facts which established the offense of escape and negated the lesser included offense of evading arrest. Appellant compares the facts of this case with those of *Sambrano v. State*, 754 S.W.2d 768 (Tex.App.—San Antonio 1988, no pet.).

We do not reach the issue of whether appellant's failure to discover the evidence was due to his lack of diligence, for, even assuming that it was not, the evidence is inadmissible.[1] Specific instances of conduct of a witness, for the purpose of attacking his credibility, other than a conviction of crime, as provided in Tex. R.Crim.Evid. 609, may not be inquired into on cross-examination of the witness nor proved by extrinsic evidence. *Ramirez v. State*, 802 S.W.2d 674, 676 (Tex.Crim.App. 1990); Tex.R.Crim.Evid. 608(b). We cannot say that the trial judge abused his discretion in denying appellant's motion for new trial.

We affirm the judgment of the trial court.

---

[1] Even if the evidence was admissible as properly impeaching Officer Trevino, appellant fails to show that the trial court abused its discretion. Giving deference to the trial court's discretion to determine that the credibility or weight of the new evidence is such that it would probably not bring about a different result in a new trial, we note that Judge Banales insightfully asked appellant whether he had any evidence that Officer Trevino ever falsified reports concerning arrests or cases in which he was involved. Appellant indicated that he did not. The only evidence with which appellant sought to impeach the State's witness was the fact that he lied to cover a rather indiscreet absence from work. Compared to the admission by the State's witness in *Sambrano* that he deliberately lied under oath at movant's trial, *id.* at 769, appellant's evidence approaches insignificance.