NUMBER 13-99-238-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


__________________________________________________________________


ROOSEVELT McBRIDE
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

__________________________________________________________________


On appeal from the 248th District Court


of Harris County, Texas.


__________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and Yañez


Opinion by Chief Justice Seerden



 Roosevelt McBride, appellant, was convicted by a jury of sexual
assault. Tex. Penal Code Ann. §22.011 (Vernon 2000). The trial court
entered a judgment in conformity with the verdict and sentenced
appellant to life imprisonment. By three issues, appellant argues that
the trial court violated his federal constitutional right to confrontation
and cross-examination and that the evidence against him was either
legally or factually insufficient to support a conviction.

 By his first issue, appellant contends that the trial court committed
reversible error in violating his federal constitutional right to
confrontation and cross-examination. See U.S. Const. amend. VI & XIV. 
Appellant's complaint centers on the testimony of his own witness. 
During his case-in-chief, appellant called Kadidra Esco, the half-sister of
the complainant. Kadidra testified generally that the complainant did
not like appellant. As part of her testimony, the following colloquy took
place:

 Defendant's Counsel: Did you ever have an opportunity, not
from what anyone else said or anyone influence [sic] you or
anything, but just your personal observations and things
that you personally heard from your sister Katrina [the
complainant], did you ever observe anything about her
attitude toward her relationship with your stepfather,
Roosevelt McBride?


 * * * * 


 A: She doesn't like him. She always said that.


 The State: I object to any hearsay.


 The Court: That's sustained.

 

 Defense Counsel: She's objecting to what?


 The Court: Hearsay.


 * * * *

 Q: Did Katrina make any statements in your presence about
her attitude toward the marriage between your stepfather
and your mother?


 The State: I object to hearsay.


 The Court: That's sustained.


 Defense Counsel: Your Honor, that was brought
up already. I'm just impeaching what Katrina
said.


 The Court: Not that way. That's sustained.


 Q: Did you observe any arguments between your stepfather
and Katrina?


 A: There really wasn't [sic] like arguments. It was just
disagreements, something like that. It wasn't really like
arguments. She -- they just didn't get along. . . . 


 Q: Did Katrina ever say she was going to get even with
Roosevelt?


 A: I don't recall. I don't recall getting even. I don't recall if
she was saying she get [sic] even with him or anything. She
just was always saying she just didn't want to live there.


Appellant contends that because he was not allowed to ask Kadidra if
the complainant ever made any statements regarding her attitude about
appellant, he was effectively denied an opportunity to show bias. 

 We note initially that the right of confrontation is generally not
implicated where the witness is not a witness against the defendant. 
See e.g., Dedesma v. State, 806 S.W.2d 928, 933 (Tex. App.--Corpus
Christi 1991, pet. ref'd). Here, Kadidra was not a witness against
appellant, but was, instead, his own witness. Accordingly, appellant's
contention that his right to confrontation was violated is misplaced. 
Appellant has cited us to no authority to refute that conclusion.

 Nevertheless, reaching the merits of appellant's issue, we note
that complaints regarding violations of the confrontation clause are
subject to harmless error analysis. In reviewing alleged constitutional
errors, "the reviewing court will reverse the conviction . . . unless it
concludes beyond a reasonable doubt that the error did not contribute
to the conviction. . . ." Aguirre-Mata v. State, 992 S.W.2d 495, 498
(Tex. Crim. App. 1999). Here, it is evident from the above excerpt that
appellant was not deprived of an opportunity to question Kadidra about
her sister's purported bias or prejudice. Notwithstanding the court's
ruling, appellant was able to question the witness about the subjects
he desired. We are convinced beyond a reasonable doubt that the error,
if any, did not contribute to the conviction. Appellant's first issue is
overruled. 

 We next turn to appellant's third issue, by which he contends the
evidence was factually insufficient to support his conviction. We begin
a factual sufficiency review with the assumption that the evidence is
legally sufficient. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim.
App. 1996) (citing Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979)). We then look to all of the evidence in the
record to determine if the verdict is "against the great weight of the
evidence presented at trial so as to be clearly wrong and unjust." Id. at
135. 

 Appellant's brief states his specific contention that the evidence
is factually insufficient because "the complainant's testimony
incriminating appellant was not credible." The court of criminal appeals
recently held that 

 unless the available record clearly reveals a different result is
appropriate, an appellate court must defer to the jury's
determination concerning what weight to give contradictory
testimonial evidence because resolution often turns on an
evaluation of credibility and demeanor, and those jurors were
in attendance when the testimony was delivered. 


Johnson v. State, 2000 WL 140257, **6 (Tex. Crim. App. 2000). 

 Here, the testimony at trial was contradictory. The complainant
testified that she recognized appellant as her attacker. She described
how the offense occurred and testified to the words her attacker spoke
before, during, and after the attack. Moreover, the physician who
examined the complainant after she reported the attack testified that the
results of his examination were "inconclusive." Appellant's
identification witnesses testified that they were in the home on the
evening of the attack. Each stated that he or she was in a position to
observe whether appellant left his bedroom and entered the
complainant's room. Each stated that appellant did not enter the
complainant's room. 

 This is a situation where the evidence is in direct opposition. 
Neither the complainant nor appellant's witnesses were equivocal. 
Under those circumstances, it is solely the province of the jury to assess
credibility and weigh the testimony. See Johnson, 2000 WL 140257,
**6.(1) Here, the jury observed the witnesses and chose to believe the
complainant and disbelieve appellant. See Bowden v. State, 628
S.W.2d 782, 784 (Tex. Crim. App. 1982). Appellant's third issue is
overruled.

 We hold that the evidence was factually sufficient to support the
conviction. We need not assess the legal sufficiency of that evidence. 
See Clewis, 922 S.W.2d at 134; see also Tex. R. App. P. 47.1

 The judgment is AFFIRMED.

 

 ________________________________________

 ROBERT J. SEERDEN, Chief Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 8th day of June, 2000.

 

1. In Johnson, the court of criminal appeals affirmed this court's
refusal to defer to the jury on a factual sufficiency challenge. In that
case, however, the complainant was unsure in her identification and
there was other evidence to suggest that the defendant may not
have been involved in the crime. This case is distinguishable from
that one because the complaining witness's testimony was
unequivocal.