Affirmed and Memorandum Opinion filed February 27, 2007








Affirmed and
Memorandum Opinion filed
February 27, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00674-CR

____________

 

SEAN LAMONT KIRBY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause No. 956755

 



 

M E M O R A N D U M   O P I N I O N

Appellant Sean Lamont Kirby challenges the trial court=s denial of his
motion for new trial, in which he primarily asserts ineffective assistance of
counsel.  We affirm. 

                        I.  Factual and Procedural Background

On January 8, 2004, appellant pleaded guilty to felony
theft in accordance with a plea bargain with the State.  The trial court found
appellant guilty of the charged offense, and assessed a punishment of five
years= probation, and a
fine of $1,000.00.  








On May 25, 2005, the State filed a motion to revoke
appellant=s probation, alleging that appellant had violated the
terms of his probation by committing insurance fraud and by failing to perform
community service as ordered by the court.  The insuranceBfraud allegations
involved the submission of an insurance claim for the alleged theft of stereo
equipment from appellant=s truck.  After a hearing, the trial court
found the allegations in the State=s motion to revoke
to be true, revoked appellant=s probation, and assessed punishment at
five years= confinement and a fine of $1,000.00.  Appellant
timely filed a motion for new trial and requested a hearing.  Despite timely
presentment, no hearing was granted, and the motion for new trial was overruled
by operation of law.  

In his motion for new trial, appellant raised matters not
determinable from the record, upon which he reasonably could be entitled to
relief.  Appellant raised the following matters in his motion for new trial and
supporting affidavits: 

(1)     His trial counsel was allegedly ineffective
by failing to subpoena (i) a critical defense witnessCCondrey Mallard, the owner of Sound
Quest (ii) business records from Sound Quest; and (iii) medical records from a
motorcycle accident; 

(2)     The State allegedly coerced defense witness
Condrey Mallard from attending his motion-to-adjudicate hearing by threatening
Mallard with criminal prosecution; and 

(3)     A new
trial should be granted based on newly discovered cancelled checks from Sound
Quest, which allegedly would provide proof that appellant did not commit
insurance fraud, as well as some of appellant=s medical
records.  Appellant claims the Sound Quest receipts and cancelled checks show
that he purchased the stereo equipment from Sound Quest before his truck was
stolen and he submitted his insurance claim, not after he submitted his claim. 
He contends the medical records show that his failure to fulfill community
service hours was due to physical injuries.








Appellant=s affidavit in support of his motion for
new trial contained evidence that he requested his attorney to subpoena records
to show that he did not violate his community service hours intentionally, but
was involved in a motorcycle accident that prevented him from completing the
hours in a timely manner.  This affidavit raised serious questions as to
whether his attorney adequately pursued appellant=s defensive
issues.  The issue of whether appellant purchased the stereo equipment
(allegedly stolen from his truck) after he made his claim to the
insurance company was a critical issue at the motion-to-adjucate hearing.  If
appellant=s attorney would have secured the testimony and
evidence that appellant allegedly requested for his defense, and if such
testimony and/or evidence would have indicated that appellant did not commit
insurance fraud, it is possible that appellant would not have been found in
violation of his probation.  In addition, appellant raised an issue that his
attorney may have failed to obtain and introduce medical records that would
support appellant=s claims that he did not intentionally
fail to complete his community service hours on time, but that he could not do
so because of a motorcycle accident.  Accordingly, following appellant=s appeal to this
court, we abated the appeal, and by order dated August 24, 2006, we remanded
this case for a hearing on appellant=s motion for new
trial.  

On November 2, 2006, in response to the abatement order,
the trial court held a hearing on appellant=s motion for new
trial.  At the hearing, the court considered testimony from appellant=s trial counsel
and Condrey Mallard, and the court also considered the medical records
regarding the motorcycle accident.  The trial court then denied appellant=s motion for new
trial.[1]  


II. Issue and Analysis








Appellant contends the trial court erred in denying his
motion for new trial because (1) his trial counsel was ineffective for failing
to secure the attendance of defense witness Condrey Mallard at the
motion-to-adjudicate hearing, (2) his trial counsel was ineffective for failing
to subpoena appellant=s medical records in regard to his
motorcycle accident, and (3) his appellate counsel identified newly discovered
evidence.[2]

Both the
United States and Texas Constitutions guarantee an accused the right to
assistance of counsel. U.S. Const. amend. 
VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. art. 1.051 (Vernon 2005).  This right
necessarily includes the right to reasonably effective assistance of counsel.  Strickland
v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984); Ex
parte Gonzales, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997).  To prove
ineffective assistance of counsel, appellant must show that (1) trial counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms;
and (2) there is a reasonable probability that the result of the proceeding
would have been different but for trial counsel=s deficient performance.  Strickland,
466 U.S. at 688B92.  Moreover, appellant bears the burden of proving his
claims by a preponderance of the evidence.  Jackson v. State, 973 S.W.2d
954, 956 (Tex. Crim. App. 1998).  We review the court's decision to deny the
motion for new trial for an abuse of discretion.  Salazar v. State, 38
S.W.3d 141, 148 (Tex. Crim. App. 2001).

A.      Did the
trial court abuse its discretion in denying appellant=s motion for new
trial on his claim that trial counsel was ineffective for failing to subpoena
medical records and offer testimony regarding appellant=s motorcycle
accident at the motion-to-adjudicate hearing?     








We first address appellant=s ground that his
trial counsel was ineffective for failing to subpoena appellant=s medical records
relating to his motorcycle accident.  Presuming without deciding that appellant=s counsel was
ineffective for failing to subpoena and introduce these medical records at the
motion-to-adjudicate hearing, we conclude the trial court did not abuse its
discretion by impliedly concluding that appellant failed to show  a reasonable probability that the
result of the proceeding would have been different but for trial counsel=s deficient performance.  See
Strickland, 466 U.S. at 688B92.  

On January 8, 2004, appellant was ordered to complete five
years of community service in connection with his probation for his felony
theft conviction.  Under this order, appellant was required to perform a total
of four hundred hours at the rate of sixteen hours per month, beginning
February 8, 2004.  The State alleged that appellant failed to perform these
hours at the court-ordered rate and thus had violated the conditions of his
probation.  In his motion for new trial, appellant asserted that medical records
relating to a serious motorcycle accident would have shown that he was excused
from performing his community service at the court-ordered rate.  He further
asserted that had these records been admitted at the motion-to-adjudicate
hearing, his probation would not have been revoked.

At the hearing on the motion for new trial, however, the
trial court heard testimony regarding the motorcycle accident and had the
benefit of reviewing appellant=s medical records. The medical records
show that the accident occurred on April 23, 2004, and that  appellant was
ejected from his motorcycle while it was moving at a speed of about six miles
per hour.  Although appellant suffered some abrasions and a broken shoulder
from this accident, there is no evidence that these injuries prevented him from
performing  community service for more than a year after the accident
occurred.    








Moreover, the record shows that appellant was delinquent in
the performance of his community service hours even before the motorcycle
accident. Between February 8, 2004, when appellant was scheduled to begin
community service, and April 23, 2004, when he was involved in the accident,
appellant failed to complete the requisite number of hours.  Appellant was
consistently behind in the performance of his community service hours, both
before and after the motorcycle accident.  According to appellant=s probation
officer, the delinquency continued for many months.  The State did not file its
motion to revoke appellant=s probation until May 2005, over a year
after the accident.  If, during the time of his recovery from the motorcycle
fall, appellant was unable to perform his normal community service, he could
have requested light duty or some other alternative form of community service
in an effort to avoid violating the terms of his probation.  There is no
indication in the  record that appellant investigated this possibility or made
any other attempt to comply with his court-ordered hours of community service
during this time period. 

To satisfy the second prong of Strickland and
establish prejudice, the appellant must prove there is a reasonable probability
that, but for counsel=s deficient performance, the result of the
proceeding would have been different.  Id.  A reasonable probability has
been defined as a probability sufficient to undermine confidence in the outcome
of the proceedings.  Id. Based on the evidence presented at the hearing,
the trial court impliedly concluded that appellant, despite his claimed
inability to perform, had been capable of performing the required community
service and yet had failed to do so.  The trial court did not abuse its discretion in impliedly
concluding that appellant failed to show the result of the motion-to-adjucate
hearing would have been different, but for his counsel=s alleged
ineffectiveness in failing to subpoena appellant=s medical records
and offer testimony regarding appellant=s motorcycle
accident at the motion-to-adjudicate hearing.  Therefore, the trial court did not abuse its discretion in
denying appellant=s motion for new trial as to this alleged instance of
ineffective assistance of counsel.

B.      Did the
trial court abuse its discretion in denying appellant=s motion for new
trial on his claim that his counsel was ineffective for failing to subpoena
defense witness Condrey Mallard to appear at the motion-to-adjudicate hearing? 








As for appellant=s claim that his
trial counsel was ineffective for failing to secure the attendance of defense
witness Condrey Mallard, we conclude the trial court did not abuse its
discretion in impliedly determining that appellant failed to satisfy the second
prong of Strickland.  The testimony of Condrey Mallard on the separate ground for revocationCregarding insurance fraudCwould not have made a difference  in
the proceeding because the trial court was entitled to grant the State=s motion to adjudicate based solely
on appellant=s continual delinquency in his community service hours.  See O=Neal v. State, 623 S.W.2d 600, 661 (Tex. Crim. App.
1981) (concluding that proof of any violation of the terms of probation will
support an order revoking probation).  The trial court did not abuse its
discretion in impliedly concluding that appellant failed to show the result of
the motion-to-adjucate hearing would have been different, but for his counsel=s alleged
ineffectiveness in failing to subpoena Condrey Mallard to appear at the
motion-to-adjudicate hearing.  Therefore, the trial court did not abuse its discretion in denying
appellant=s motion for new trial as to this alleged instance of ineffective
assistance of counsel.

C.        Did the trial court abuse
its discretion in denying appellant=s motion for new trial on his claim
for newly discovered evidence? 








Finally,
as for appellant=s claim that a new trial should have been granted because of
newly discovered evidence, we conclude that the trial court did not abuse its
discretion in denying the motion on this ground.  Motions for new trial based
on newly discovered evidence or newly available evidence are not favored and
are viewed with great caution.   Drew v. State, 743 S.W.2d 207, 225
(Tex. Crim. App. 1987); Dedesma v. State, 806 S.W.2d 928, 934 (Tex. App.CCorpus Christi 1991, pet. ref=d).   A motion for new trial based on
newly discovered evidence is addressed to the sound discretion of the trial
court, and its decision should not be disturbed on appeal absent a clear abuse
of discretion.  Jones v. State, 711 S.W.2d 35, 36 (Tex. Crim. App.
1986).  To show that the trial court abused its discretion, the record must
indicate that (1) the newly discovered evidence was unknown to the movant at
the time of trial, (2) the movant=s failure to discover the evidence
was not due to his want of diligence, (3) the materiality of the evidence is
such as would probably bring about a different result in another trial, and (4)
the evidence is admissible, and not merely cumulative, corroborative,
collateral, or impeaching.  Drew, 743 S.W.2d at 226; Dedesma, 806
S.W.2d at 934.  Should it appear to the trial court that, under the
circumstances, the weight or credibility of the new evidence probably would not
bring about a different result in a new trial, it is within the discretion of
the trial court to deny the motion. Jones, 711 S.W.2d at 36‑37; Dedesma,
806 S.W.2d at 934.  As stated above, the trial court, at the hearing,
reviewed the medical records and testimony, and apparently reached the
conclusion that appellant, despite his claimed inability to perform, had
been capable of performing the required community service and yet had failed to
do so.  Based on these
facts, it appears that the trial court concluded that the evidence would not
have brought about a different result were a new trial granted.   Thus, we
cannot say that the trial court abused its discretion in denying appellant=s motion for new trial on this
ground. 

Having found no abuse of discretion, we overrule appellant=s sole point of
error, and we affirm the judgment of the trial court.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed February 27, 2007.

Panel consists of
Justices Anderson, Edelman, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  After the motion-for-new-trial hearing, appellant and the State
provided new briefing in light of this hearing. 





[2]  In his appellate rebriefing appellant does not argue
the second ground from his motion for new trialCthat the State
allegedly coerced defense witness Condrey Mallard from attending his
motion-to-adjudicate hearing by threatening Mallard with criminal prosecution. Therefore, we do not address this issue.