IN THE COURT OF CRIMINAL APPEALS
OF TEXAS
 


NO. WR-76,133-02




EX PARTE RODOLFO RAMIREZ, APPLICANT




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 91-CRF-009-A IN THE 105TH DISTRICT COURT
FROM KLEBERG COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of escape and
sentenced to 40 years’ imprisonment. The Thirteenth Court of Appeals affirmed his conviction at
Ramirez v. State, 830 S.W.2d 827 (Tex. App. – Corpus Christi 1992, no pet.).
            Applicant contends that his trial counsel rendered ineffective assistance because of counsel’s
failure to investigate and challenge the validity of his enhancement; specifically, a prior offense of
robbery in Cause No. 3211 that, according to Applicant, did not result in a final conviction. 
            Applicant has alleged facts that, if true, might entitle him to relief. Smith v. Robbins, 528
U.S. 259, 285-86 (2000); Strickland v. Washington, 466 U.S. 668 (1984). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
trial counsel to respond to Applicant’s claim of ineffective assistance of counsel. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall: (1) determine whether Applicant’s “shock” probation was revoked in
Cause No. 3211; (2) determine whether Applicant had any prior felony convictions that could have
been used or substituted for enhancement purposes; (3) determine whether trial counsel investigated
the validity of the enhancements; and, (4) determine trial counsel’s reason for not challenging the
validity of the prior offense used for enhancement purposes. The trial court shall make findings of
fact and conclusions of law as to whether the performance of Applicant’s counsel was deficient and,
if so, whether counsel’s deficient performance prejudiced Applicant. The trial court shall also make
findings as to whether the State would be prejudiced by Applicant’s delay in presenting this claim
under the doctrine of laches. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim for
habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: October 9, 2013
Do not publish