**Opinion issued October 22, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00096-CR

———————————

**JAMES WILLIS BEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Case No. 1452387**

---

## MEMORANDUM OPINION

A jury convicted appellant, James Willis Ben, of possession of a controlled substance, namely cocaine, found two enhancement paragraphs true, and assessed punishment at 35 years' confinement. In two points of error, appellant contends that (1) he received ineffective assistance of counsel at trial; and (2) the trial

court's judgment should be reformed to show that he pleaded "not true" to the two enhancement paragraphs, rather than "true" as reflected on judgment. We modify the judgment, and, as modified, affirm.

## BACKGROUND

On February 5, 2014, Officer Robert Lara with the Houston Police Department's narcotics division executed a search warrant at 4421 Knoxville, in Houston, Texas. The house was in a high-crime neighborhood, and there were cameras on the outside of the house. Appellant's white pickup truck was parked in the driveway.

A woman was near the house as the police approached, and she quickly went inside. Lara heard people saying "police" and what sounded like panicked footsteps. The police announced their presence and entered the house to execute the warrant. Several people were inside the house, including appellant. When the police entered, appellant and a woman immediately ran toward the kitchen sink, where he attempted to destroy 8.63 grams of cocaine. Appellant was found with over $1,200 in cash on his person when arrested. The woman who had run inside the house had a crack pipe in her bra, and crack pipes were also found on the living-room floor and in one of the bedrooms.

Appellant was diabetic, and there were testing strips for a blood-sugar monitor on the dining-room table, as well as shards of crack cocaine weighing 1.34

grams. Mail and prescription pill bottles bearing appellant's name were in the bedroom, and appellant admitted that he lived at that residence.

After the prosecution rested, trial counsel moved for an instructed verdict of not guilty, asserting that the state had failed to prove any elements of the case. This motion was denied, and the defense rested without calling witnesses. The jury found appellant guilty.

At the punishment phase the trial counsel again elected not to call any witnesses, and the jury, after finding two enhancements true, assessed punishment at thirty-five years' confinement.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant complains in his first point of error that he received ineffective assistance of counsel because his trial lawyer 1) failed to determine the identification of a confidential informant; 2) failed to perfect an offer of proof regarding the confidential informant issue; 3) failed to competently cross examine the State's witnesses; 4) failed to call a defense witness who had previously provided a signed affidavit stating the drugs belonged to him; 5) failed to advocate the absence of affirmative links by appellant to the controlled substance during closing arguments; 6) failed during the punishment phase to effectively cross-examine the State's fingerprint witness; 7) failed to introduce mitigating evidence

during the punishment phase of trial;, and 8) asked the jury to consider an invalid sentence.

### *Standard of Review*

To establish that trial counsel rendered ineffective assistance, an appellant must demonstrate that (1) his counsel's performance was deficient and (2) there is a reasonable probability that the result of the proceeding would have been different but for his counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010); *Cannon v. State*, 252 S.W.3d 342, 348–49 (Tex. Crim. App. 2008). An appellant's failure to make either of the required showings of deficient performance or sufficient prejudice defeats the claim of ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); *see also Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ("An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong.").

Appellant must first show that his counsel's performance fell below an objective standard of reasonableness. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The second prong of *Strickland* requires appellant to demonstrate prejudice—"a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Thompson*, 9 S.W.3d at 812. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

We indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and, therefore, appellant must overcome the presumption that the challenged action constituted "sound trial strategy." *Id.* at 689, 104 S. Ct. at 2065; *Williams*, 301 S.W.3d at 687. When the record is silent, an appellate court may not speculate about why counsel acted as he did. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *Gamble v. State,* 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Without testimony from trial counsel, the court must presume counsel had a plausible reason for his actions. *Gibbs v. State*, 7 S.W.3d 175, 179 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).

## A.    *Failing to Secure a Ruling on a Motion to Identify a Confidential Informant*

In his first claim of ineffective assistance, appellant contends that his trial counsel rendered ineffective assistance of counsel by failing to secure a ruling on his motion to identify a confidential informant. Trial counsel mentioned the possibility of the presence of a confidential informant in this case during opening statements. In attempting to cross-examine Officer Lara regarding the confidential

5

informant, the State objected and trial counsel moved on with his questioning. However, there is nothing else in the record to indicate why counsel engaged in the conduct of which appellant now complains. Indeed, the record suggests that counsel may, in fact, have already known the identity of the confidential informant because appellant filed a pro se "Motion to Dismiss Confidential Informants Testimony Due to Credibility," alleging that the confidential informer "is a known crack abuser." And, there is nothing more in the record to show why counsel did not pursue the identity of a confidential informant, or that such an informant would have provided evidence that would have changed the outcome of the trial. Because the record is silent regarding the actions of trial counsel, the appellate court may not speculate as to why the trial counsel acted as he did. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Moreover, appellant must prove that but-for counsel's errors, the result of the trial would have been different. *Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068. Appellant fails to do this. As appellant's counsel acknowledges in his brief, "the informer's information *may* be important," and the result of identifying the confidential informant, "whatever they might be," may or may not help appellant. As such, appellant fails to meet the second prong of *Strickland*.

We overrule appellant's first claim of ineffective assistance.

**B.** *Failing to Perfect an Offer of Proof Regarding the Confidential Informant Issue*

In his second claim of ineffective assistance, appellant contends that his trial counsel was ineffective because he did not present an offer of proof after the trial court refused to let him cross-examine the police officer about a confidential informant.

In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Mallett*, 65 S.W.3d at 63; *see also Massaro v. United States*, 538 U.S. 500, 505, 123 S. Ct. 1690, 1694 (2003) ("If the alleged error is one of commission, the record may reflect the action taken by counsel but not the reasons for it. The appellate court may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse. The trial record may contain no evidence of alleged errors or omission, much less the reason underlying them.") (internal citations omitted). Because the reasonableness of trial counsel's choices often involves facts that do not appear in the appellate record, the Court of Criminal Appeals has stated that trial counsel should ordinarily be given an opportunity to explain his actions before a court reviews the record and concludes that counsel was ineffective. *See Rylander*, 101 S.W.3d at 111; *Bone*, 77 S.W.3d at 836. However, without

7

testimony from trial counsel, the court must presume counsel had a plausible reason for his actions. *Gibbs*, 7 S.W.3d at 179.

Here, the record is silent as to why the trial counsel decided not to make an officer of proof on the police officer's testimony regarding the confidential informant. Therefore, the court must presume the trial counsel had a plausible reason for his actions.

And, even if appellant could show that the trial counsel's actions constituted deficient behavior, he fails to show what impact, if anything, making an offer of proof would have had on the trial's outcome.

We overrule appellant's second claim of ineffective assistance.

## C.  *Failing to Effectively Cross-Examine the State's Witnesses*

In his third ground on appeal, appellant contends that his trial counsel was ineffective by failing to competently cross-examine the state's witnesses and advance an "absence of affirmative links" defense.

However, the record indicates appellant's trial counsel was able to establish there were multiple people in the house, thus advancing the defense of the lack of affirmative links between appellant and the narcotics.

Moreover, even if appellant were able to show that the trial counsel's representation was deficient due to his cross-examinations, appellant has failed to address how the outcome of the trial would have been different. The State put

forward ample evidence connecting appellant to the narcotics: appellant's pickup truck was parked in the driveway; appellant was attempting to destroy cocaine in the kitchen sink; appellant's mail and prescription bottles were present in the home and his diabetic testing strips were on the dining-room table along with more cocaine; appellant admitted to the arresting officer he lived at the residence; and appellant had over $1,200 in cash on his person when he was arrested. *See Nelson v. State*, 881 S.W.2d 97, 100 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (holding evidence sufficient to show possession when defendant attempted to destroy narcotics when police approached). Appellant was unable to show trial counsel's efforts were deficient. And, even if appellant could show trial counsel's performance was deficient, appellant fails to show how these deficiencies affected the outcome of the trial.

We overrule appellant's third claim of ineffective assistance.

**D.** ***Failing to Call a Defense Witness during the Guilt/Innocence Phase who had Previously Provided a Signed Affidavit Stating the Drugs Belonged to him.***

Appellant was arrested along with three others—Johnson, Shelton, and Lane. Shelton, after pleading guilty to the offense of possession of a controlled substance, provided an affidavit in which he stated all of the drugs recovered in the home belonged to him. In his fourth claim of ineffective assistance, appellant contends his trial counsel was ineffective by failing to call Shelton as a witness.

9

However, without testimony from the trial counsel why he decided not to call Shelton, we must presume the trial counsel had a plausible reason for his actions. *Gibbs*, 7 S.W.3d at 179. Perhaps counsel had interviewed Shelton and found him to be not a credible witness, especially in light of his felony conviction.[1]

Moreover, appellant does not show how the outcome of the trial would have been different had trial counsel called Shelton. Although Shelton provided an affidavit stating the drugs inside the home were his, the prosecution provided ample evidence—including testimony that the defendant was attempting to destroy the narcotics—that this was not the case. *See Nelson*, 881 S.W.2d at 100. Thus, appellant has failed to show that the trial counsel's performance fell below an objective standard, and if it did, that the outcome of the case would have been different.

We overrule appellant's fourth claim of ineffective assistance.

---

[1] The record shows that trial counsel requested a reset in order to find an unidentified witness, possibly Shelton, and did in fact find that witness before the trial. After speaking with that witness, the trial counsel elected not to put him on the stand. The trial counsel acknowledged to the judge it was through trial strategy he opted not to call the witness in question. *See Melancon v. State*, 66 S.W.3d 375, 381 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (holding appellant's point of error did not demonstrate that the decision not to call the witness fell below an objective standard of reasonableness when the trial counsel testified that he did not call the witness because he could have been cross-examined based on his prior convictions).

***E.   Failing in Closing Arguments to Advance the Absence of Affirmative Links between appellant and the Controlled Substance***

In his fifth claim of ineffective assistance, appellant contends his trial counsel was ineffective by failing to argue during closing that there was a lack of affirmative links between appellant and the controlled substance.

However, the record reflects that the trial attorney did make such an argument, even if he did not do so explicitly. During closing arguments the trial counsel made many references regarding the lack of affirmative links. ("The implication, I guess, is that he must possess it if it's near his medicine, near his Lone Star card."). The trial counsel also pointed to the fact that another defendant ran into the kitchen when the police arrived and was with appellant near the sink when they were found. He finally states that prosecution will argue "just because these other people were there and just because they were possessing drugs doesn't mean [appellant] wasn't[.]"

The record does not show that trial counsel failed to argue the defense of lack of affirmative links between appellant and controlled substance. Thus, appellant has failed to show trial counsel's performance was deficient.

We overrule appellant's fifth claim of ineffective assistance.

***F.*** ***Failing During the Punishment Phase of Trial to Conduct a Meaningful Cross-Examination of the State's Witness***

The two-pronged test for ineffective assistance of counsel set out in *Strickland* applies to sentencing proceedings. *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). The appropriate examination of the record includes counsel's representation during pretrial, the guilt-innocence stage of the trial, and the punishment stage. *Rodd v. State*, 886 S.W.2d 381, 384 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd); *Dedesma v. State*, 806 S.W.2d 928, 935 (Tex. App.—Corpus Christi 1991, pet. ref'd).

At the punishment phase the prosecution introduced a fingerprint expert in order to prove appellant's past convictions. In his sixth claim of ineffective assistance, appellant contends his trial counsel was ineffective by failing to conduct meaningful cross-examination of the state's fingerprint witness at the punishment stage of trial.

Appellant cites *Hutchinson v. State,* in order to show that bolstering the prosecution's case during cross-examination, rather than challenging it results in ineffective assistance of counsel. *See* 663 S.W.2d 610, 613 (Tex. App.—Houston [1st Dist.] 1983, pet. ref'd). This case is distinguishable from *Hutchinson.* In *Hutchinson*, the court could not point to one instance "in which appellant's counsel's cross-examination of the State's witnesses had the effect of challenging their testimony." *Hutchinson,* 663 S.W.2d at 613. Here, there are many instances

of such challenging cross-examination throughout the trial, including getting the fingerprint expert to concede that he was not there to "tell us that the person depicted in those judgments and sentences is the same person that's sitting here." Thus, appellant fails to show that counsel's cross-examination of the fingerprint expert was deficient.

Therefore, we overrule appellant's sixth claim of ineffective assistance.

## G. Failing to Introduce any Mitigating Evidence during the Punishment Phase of Trial

Appellant argues trial counsel was ineffective because he failed to present any mitigating evidence during the punishment phase of trial. Appellant cites *Moore v. State* regarding a failure to investigate or introduce mitigating evidence constituting ineffective assistance of counsel. *See* 983 S.W.2d 15, 23–24 (Tex. App.—Houston [14th Dist.] 1998, no pet.). This case is distinguishable from *Moore*. In *Moore*, the trial counsel submitted an affidavit explaining that he failed to conduct an investigation and to introduce mitigating evidence, even when witnesses were available, and this was not a trial strategy. *Moore*, 983 S.W.2d at 22–23. However, "[c]ounsel's failure to call witnesses at the guilt-innocence and punishment stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony." *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); *cf. Perez v. State*, 403 S.W.3d 246, 251–52

13

(Tex. App.—Houston [14th Dist.] 2008), *aff'd*, 310 S.W.3d 890 (Tex. Crim. App. 2010).

Here, the record does not indicate that appellant ever provided any witnesses who could have presented any mitigating evidence on behalf of appellant. Furthermore, the record is bereft on any information regarding the trial counsel's strategy regarding mitigation evidence. Appellant has failed to show trial counsel's performance was deficient.

We overrule appellant's seventh claim of ineffective assistance.

## H. *Asking the Jury during Closing Argument of the Punishment Phase to Consider a Sentence of Less than Twenty-Five Years*

In his eighth claim of ineffective assistance, appellant contends trial counsel was ineffective because he "ask[ed] the jury during his closing argument to consider an illegal and void sentence of less than 25 years after introducing no evidence to contest the State's enhancement of [appellant] with two prior felony convictions." However, during cross-examination, the trial counsel was able to get the State's fingerprint expert to concede that he was not there to testify that the same person who committed the prior crimes was in fact appellant. This evidence enabled the trial counsel to ask the jury to consider a sentence below the twenty-five year minimum required of a felon with two prior felonies. As such, counsel's argument for a punishment less than 25 years was not deficient representation.

In any event, appellant cannot show that asking for less than 25 years' confinement harmed appellant and caused the rendition of an improper judgment. We overrule appellant's eighth claim of ineffective assistance, and likewise, overrule appellant's first point of error on appeal.

## CLERICAL ERRORS IN THE TRIAL COURT JUDGMENT

Appellant claims in his second point of error that the judgment incorrectly reflects that he pled "true" to the two enhancement paragraphs rather than "not true." The State concedes that the first page of the judgment is incorrect in that regard. The first page of the judgment in this case states that appellant pled "true" to the two enhancement paragraphs. However, the reporter's record shows that appellant pled "not true" when he was arraigned on those two paragraphs prior to the start of the punishment phase. An appellate court has the power to correct and reform a trial court judgment "to make the record speak the truth when it has the necessary data and information to do so." *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd); *see also* TEX. R. APP. P. 43.2(b). We sustain appellant's second point of error and reform the judgment to reflect that appellantappellant pled "not true" to the enhancement paragraphs.

## CONCLUSION

We affirm the judgment of the trial court as hereinabove modified.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).